KILLIAN and Another, Trustees, *v.* EBBINGHAUS, Trustee.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Argued January 30th, 1884.—Decided March 3d, 1884.

*Equity.*

A bill of interpleader will not lie if the complainant sets up an interest in the subject-matter of the suit, and the relief sought relates to that interest.

A bill in the nature of a bill of interpleader cannot be maintained unless the relief sought is equitable relief.

A bill in equity will not lie if it is in substance and effect an ejectment bill, and if the relief it seeks can be obtained at law by an action in ejectment.

This was a suit in equity commenced by defendant in error as plaintiff below, against persons in possession of a tract of land in Washington and claiming title, to have a trust declared in the plaintiff below as to said land, and the legal beneficiaries under the trust ascertained. The defendants below denied the trust and set up adverse title. The decree below was in favor of the plaintiff there, from which the defendants below appealed.

*Mr. Henry Wise Garnett* and *Mr. Conway Robinson, Jr.,* for appellants.

*Mr. F. P. Cuppy* and *Mr. P. E. Dye* for appellee.

MR. JUSTICE WOODS delivered the opinion of the court.

The bill in this case was filed by John W. Ebbinghaus, the appellee, as trustee for the German Calvinist Society and their legal representatives. His appointment as trustee was brought about in the following manner: On July 16th, 1877, August Sievers, Edward Kolb and Ludwig Freund, as trustees of the First German Reformed Church of Washington, D. C., filed their petition in the Supreme Court of the District of Columbia, in which they represented that on June 28th, 1793, one D. Reintzel held, as trustee, in trust for the "German Calvinist Society," lot 9 in square 80 of the City of Washington; that the "German Reformed Church" was the legal counterpart and successor of the "German Calvinist Society," and that the

petitioners were the only beneficiaries of the trust estate; that Reintzel, the trustee, was dead and no successor had been appointed. They, therefore, prayed that John W. Ebbinghaus, the pastor of the First Reformed Church of the city of Washington, might be appointed trustee, as the successor of Reintzel.

On the day on which the petition was filed, the Supreme Court of the District, without notice or service of process, appointed Ebbinghaus trustee in the place of Reintzel, to hold, as trustee, the said property "for the German Calvinist Society and their legal successors, in accordance with the intent of Jacob Funk, the original donor."

Ebbinghaus believed, for he so testifies, that the real estate in question was the property of the First Reformed Church. When giving his deposition in this case he was asked: "Do you consider that this lot belongs to your church? His answer was, "Yes, sir; most emphatically."

With this belief, on the day next after his appointment as trustee, and in pursuance of an understanding entered into with the trustees of his church before his appointment, he filed the bill in this case.

It alleged that the appellee, Ebbinghaus, was the trustee and legal owner of lot 9, in square 80, in the City of Washington, in the District of Columbia; that the property mentioned was given in trust by one Jacob Funk to D. Reintzel, as trustee, to hold for the use and benefit of the "German Calvinist Society," and that he held the property as the successor to D. Reintzel, deceased, for said society and their legal representatives, in accordance with the intent of Jacob Funk, the original donor.

The bill further averred that Ebbinghaus held the property in trust for the legal successors and beneficiaries of the trust, whoever they might be, and was ready to pay the rents, issues, and profits arising therefrom into court to be disposed of as the court might direct, and faithfully perform the duties of trustee; and that he brought his bill to have the court decide who were the legal beneficiaries under said trust.

The bill further averred that the defendants John G. Killian, John Schenck, and John Schneider, trustees of the German

Evangelical Concordia Church of the City of Washington, claimed to be the legal beneficiaries and entitled to the rents and profits of the trust property for religious purposes, and had already received and converted to their own use a large sum of money, the rents of the property, without the consent of Reintzel or his legal representative, or of the appellee.

The bill also averred that the defendants August Sievers, Edward Kolb, and Ludwig Freund, trustees of the First Reformed Church of the City of Washington, claimed to be the legal successors of the German Calvinist Society, and the legal beneficiaries of the trust, and entitled to the rents, profits and estate of and in said property, and were " expected to sue the complainant for the recovery of their supposed rights." .

The prayer of the bill was for an account of the rents and profits of the trust estate received by the trustees of the German Evangelical Concordia Church, and for the payment into court of the amount found due from them ; that the trustees of the two church societies mentioned in the bill might be respectively enjoined from bringing suit against Ebbinghaus on account of, and from further interference with, the trust property during the pendency of the present suit, and that they might be required to interplead together, and that Ebbinghaus might be indemnified.

The defendants Schenck and Schneider filed their joint answer, in which they denied that Ebbinghaus was the trustee and legal owner of the real estate described in the bill, and averred that they and the defendant John G. Killian, their associate trustee, were the only lawful and equitable trustees of the property. They denied that Ebbinghaus, whom they averred to be an interloper, held the property as trustee or successor to D. Reintzel, or as successor of any one having title thereto, or that he held it for the benefit of the legal successors and beneficiaries of the trust.

The defendants Siever, Kolb and Freund, styling themselves trustees of the First Reformed Church, filed their joint answer admitting all the averments of the bill.

Upon final hearing of the case upon the pleadings and evidence the Supreme Court of the District of Columbia, in special

term, dismissed the bill without prejudice. Upon appeal to the Supreme Court of the District, in general term, the decree of the special term was reversed, and the court decreed that Ebbinghaus, as trustee as aforesaid, be authorized and empowered to take possession of the property described in the bill, and hold the same as trustee for the First Reformed Church, in the city of Washington, D. C., and receive the rents and profits thereof, and account therefor as such trustee to said First Reformed Church; that the trustees of the German Evangelical Concordia Church be enjoined from further interfering with said real estate, or with the receipt of the rents and profits thereof by Ebbinghaus, and that they account to him for the rents received by them since the filing of the bill in this case. The present appeal brings this decree under review.

The appellants contend that the decree of the court below should be reversed because the suit is not one of which a court of equity could take jurisdiction, and the decree is not one which it was competent for such a court to make. We think this contention is well founded.

The bill is either a bill of interpleader or a bill in the nature of a bill of interpleader. It is clear that it cannot be sustained as a bill of interpleader. In such a bill it is necessary to aver that the complainant has no interest in the subject-matter of the suit; he must admit title in the claimants and aver that he is indifferent between them, and he cannot seek relief in the premises against either of them. *Langston* v. *Boylston*, 2 Ves. Jr. 101; *Angell* v. *Hadden*, 15 Ves. Jr. 244; *Mitchell* v. *Hayne*, 2 Sim. & Stuart, 63; *Aldrich* v. *Thompson*, 2 Bro. Ch. 149; *Metcalf* v. *Hervey*, 1 Ves. 248; *Darthez* v. *Winter*, 2 Sim. & Stuart, 536; *Bedell* v. *Hoffman*, 2 Paige Ch. 199; *Atkinson* v. *Manks*, 1 Cow. 691. In this case the bill fails to comply with any of these requirements.

If the complainant were in possession of the property in question, holding it for the party beneficially interested, and had custody of rents and profits derived therefrom, and the two sets of defendants asserted conflicting claims to the property and to the rents, the facts might sustain a bill of interpleader. But the complainant is out of possession; he has no

rents in his custody. He is, therefore, in no jeopardy from the conflicting claims of the defendants, and cannot call on them to interplead. Instead of admitting title in the two sets of claimants, and asking the court to decide between them, he sets up title in himself for the benefit of one set, and seeks relief against the other.

To avoid these obstacles to the maintenance of the suit, the appellee insists that it can be maintained as a bill in the nature of a bill of interpleader. In support of this view, his counsel cites section 824 of Story's Equity Jurisprudence (11th ed.), where it is said that "there are many cases where a bill in the nature of a bill of interpleader will lie by a party in interest to ascertain and establish his own rights, when there are other conflicting rights between third persons."

But in all such cases the relief sought is equitable relief. *Mohawk, &c., Railroad* v. *Clute*, 4 Paige, 384; *Parks* v. *Jackson*, 11 Wend. 442; *McHenry* v. *Hazard*, 45 N. Y. 580. The authority cited by the appellee does not, therefore, aid the bill in this case, which is that of a party out of possession claiming the legal title to real estate, seeking to oust the parties in possession, who also claim the legal title, and compel them pay over the rents and profits.

The fatal objection to the suit is that it is in fact an attempt by the party claiming the legal title to use a bill in equity in the nature of a bill of interpleader as an action of ejectment. The record makes this apparent. At the instance of the trustees of the First Reformed Church, the appellee was appointed by the Supreme Court of the District of Columbia to hold the property in trust for that church. His appointment was obtained that he might bring this suit in the interest of the First Reformed Church against the trustees of the German Evangelical Concordia Church. He alleges in his bill that he has the legal title to the premises in controversy, of which it is clear from the record that he is out of possession. Having no rents or profits in his keeping, he seeks to recover them from one body of trustees, and asks the court to decide to which of the two bodies of trustees claiming the property he shall pay them when he has recovered them.

The answer of Schenck and Schneider denies that the appellee is the legal owner of the property, or that he holds it as trustee. They aver that the title to the property is in them as trustees of the German Evangelical Concordia Church. Upon the filing of the answer the point of controversy between the parties plainly appeared. Both claimed to own the legal title, and the defendants were in possession. The issue thus raised could only be tried in an action at law. The decree of the court below is the equivalent of the judgment of a court of law in an action of ejectment, namely, that the plaintiff recover possession of the premises ; and also of the judgment of a court of law in an action of trespass for mesne profits, that he recover rents and profits. There is no ground for calling such a suit a bill of interpleader of any kind.

There are no averments in the bill which disclose any other grounds of equity jurisdiction. It is clear that an action of ejectment would have afforded the appellee a plain and adequate remedy.

The case is similar to the leading case of *Hipp* v. *Babin*, 19 How. 271, which was dismissed by the Circuit Court on the ground that there was an adequate remedy at law. Upon appeal to this court the decree was affirmed. This court, speaking by Mr. Justice Campbell, described the case as follows:

" The bill in this case is in substance and legal effect an ejectment bill. The title appears by the bill to be merely legal. The evidence to support it appears from documents accessible to either party, and no particular circumstances are stated showing the necessity of the courts interfering, either for preventing suits or other vexation, or for preventing an injustice irremediable at law."

And the court declared as a result of the argument, "that whenever a court of law is competent to take cognizance of a right, and has power to proceed to a judgment which affords a plain, adequate, and complete remedy, without the aid of a court of equity, the plaintiff must proceed at law, because the defendant has a constitutional right to a trial by a jury." See also *Parker* v. *Winnepiseogee Lake Cotton and Woolen Manu-*

*facturing Company,* 2 Black, 545; *Grand Chute* v. *Winegar,* 15 Wall. 373; *Lewis* v. *Cocks,* 23 Wall. 466.

And this objection to the jurisdiction may be enforced by the court *sua sponte,* though not raised by the pleadings or suggested by counsel. *Parker* v. *Winnepiseogee Lake Cotton and Woolen Manufacturing Company,* and *Lewis* v. *Cocks, ubi supra.*

These and many similar authorities, which it is unnecessary to cite, are applicable to the case in hand. They show that the court below was without jurisdiction to entertain the suit and render the decree appealed from.

*Its decree is therefore reversed, and the cause remanded, with directions to dismiss the bill without prejudice.*