HELY *v*. LEE.

*(Jackson.*     May  26,  1902.)

1. CHANCERY PLEADING AND PRACTICE.    *Cross-bill does not lie as bill of interpleader.*

A defendant, who disputes his liability for any part of the debt sued for, cannot, by cross-bill, bring into Court another claimant of the debt and cause him and the complainant to interplead.   ·

2. APPEAL.  *Premature, when.*

The Court holds the appeal in this case was prematurely granted, upon the state of the record set out in the opinion.

----

FROM   SHELBY.

----

Appeal   from   the   Chancery   Court   of   Shelby County.   F. H.  HEISKELL,  Ch.

PIERSON  &  EWING  for  Hely.

WARRINER  &  WARRINER  and  MALONE  &  MALONE for  Lee.

WILKES,  J.   Complainant   filed   his   bill   against defendant  to  recover  $1,000  and  interest  claimed  to be  due  him  as  commission  on  a  sale  of  a  steamboat belonging   to   the   defendant.   It   was   alleged   that

Parker had by fraud and false pretense obtained an assignment of the complainant's claim for $250. It was further alleged that demand had been made upon Lee for the amount and that he had refused to pay the same. Parker was not made a party to this bill. The bill was demurred to on this ground and demurrer was overruled. Defendant Lee thereupon filed an answer, and with it a cross-bill, under which he admits his liability for $1,000 to one or the other, but that he was not liable for any interest on the same, and he asked that Parker and Hely be required to interplead, as between themselves, and that he, Lee, be allowed to pay in the $1,000 and be discharged ; that his failure to pay before that time was due to the counter claims made by the parties to the commission, and by amended cross-bill and answer he averred that Hely and Parker had agreed with him that he was to pay no interest. A motion to dismiss the cross-bill was made on the ground that a bill of interpleader would not lie by any party where he was contesting the amount of his liability. This was overruled. Thereupon complainant moved for an order requiring Lee to pay into Court the $1,000 and interest. The Court refused this motion, but ordered that the $1,000 be paid into Court without interest, the order reciting that the question of interest is reserved for future consideration. He then demurred to the cross-bill on various grounds, and this was overruled. Parker thereupon answered and submit

ted the question of Lee's liability for interest to the Court, upon the law and facts, and claimed the interest if Lee was liable, thereupon Hely answered, and set up that Parker and Lee were colluding. This question of collusion was submitted to a jury and found against complainant, and upon this verdict an order was entered that the cross-bill was properly filed as a bill of interpleader, and that Hely and Parker interplead, and that Lee be dismissed with his costs at that time accrued, to be paid out of the funds paid into Court. Hely moved for a new trial and renewed his motion to strike the cross-bill from the files, on the grounds that there was a *bona fide* conflict between Hely and Parker, and also as to interest due from Lee, and these motions were overruled. Complainant appealed from the action of the Court refusing to dismiss the cross-bill and in refusing to sustain the demurrer to it, and in refusing to set aside the verdict and grant a new trial, and in discharging Lee from further liability, and this appeal was granted by the Chancellor, he stating that the appeal would be heard before the case would come up for further trial in that court, being a jury case.

In this Court, motion is made to dismiss the appeal as premature. We are of opinion it should be sustained. There has been no final decree in the cause nor such a decree as the Chancellor, in his discretion, could grant an appeal from. In fact, there is no decree whatever as between Parker and

Hely, nor was there a final decree on the cross-bill of Lee, since his liability for interest has not been settled. The only question submitted to the jury, under the issue, was whether there was collusion between Lee and Parker. The jury found there was not and the Court so decreed, but expressly reserved all other questions of Lee's liability, and among them that of interest. That has never been adjudicated. It is true Lee testified before the jury on this point, but there was no issue before the jury on that question. The appeal must be dismissed at cost of appellant and cause remanded for further proceedings. We do not, of course, consider the assignmnnts made by appellants further than to say that, in our opinion, the cross-bill in this case cannot be treated as a bill of interpleader since it does not concede the claim of the contending parties as to the sum due, and the complainant in it is not a party disinterested in the subject-matter of the litigation, since he contests the amount owing from him with the parties claiming the same, and this question is not settled by decree of the Court below. His payment into Court of the $1,000 is, however, good to that extent, and if he is not liable to interest and is so held on proper issue and proof, his entire liability will have been extinguished thereby.