AMERICAN CREOSOTE WORKS, Limited v. C. LEMBCKE & CO. et al.

(Circuit Court, S. D. New York. December 16, 1908.)

1. COURTS (§ 342*)—FEDERAL COURTS—CAUSES OF ACTION—JOINDER—LEGAL AND EQUITABLE ACTIONS.

    The distinctions between actions at law and suits in equity in the federal courts being maintained, an action at law for damages for breach of contract cannot be joined with a suit in equity, which is incidental merely to the collection or enforcement of the judgment on the legal demand.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 468; Dec. Dig. § 342.*]

2. EQUITY (§ 39*)—JURISDICTION—LEGAL RELIEF.

    Where equity takes or exercises cognizance of a case because equitable relief is solely appropriate to the main issue or cause of complainant, it will retain jurisdiction and take an account of damages growing out of or flowing from the wrong which is the basis of such equitable relief.

    [Ed. Note.—For other cases, see Equity, Cent. Dig. § 110; Dec. Dig. § 39.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

3. JURY (§ 13*)—RIGHT TO JURY TRIAL—LEGAL AND EQUITABLE RELIEF.
    A defendant entitled to a jury trial in an action for breach of contract cannot be deprived thereof by plaintiff's uniting it with a demand for equitable relief incidental to the collection of his judgment on the legal demand.

    [Ed. Note.—For other cases, see Jury, Cent. Dig. § 52; Dec. Dig. § 13.*
    Right to trial by jury in federal court, see notes to O'Connell v. Reed, 5 C. C. A. 603; Vany v. Peirce, 26 C. C. A. 528.]

4. FRAUDULENT CONVEYANCES (§ 237*)—FRAUDULENT CORPORATION—REMEDIES.
    Where complainant having a claim for breach of contract against a corporation believed that defendant was about to transfer, or had transferred, its assets to a new corporation for the purpose of defeating complainant's recovery, complainant's remedy was to sue at law and recover his damages and then ask the interposition of equity to prevent the dissipation and concealment of the property of the corporation liable in damages.

    [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 674; Dec. Dig. § 237.*]

5. CORPORATIONS (§ 579*)—FRAUDULENT ORGANIZATION—RIGHTS OF CREDITORS.
    Where a second corporation was organized to take over the assets of an existing corporation merely to defraud its creditors, and was but a continuation or successor of the first corporation, and its organizers, stockholders, and officers had knowledge of the fraud and illegal purpose, the second corporation and its assets would be liable for any judgment recovered against the first.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2316; Dec. Dig. § 579.*]

Demurrer to Amended and Supplemental Bill of Complaint.

Edward P. Bryan, for complainant.
Olney & Comstock, for defendants.

RAY, District Judge.   The bill of complaint as amended and supplemented sets out a contract between the complainant and the defendant C. Lembcke & Co., styled the first defendant, the breach of that contract by said defendant, and damages to complainant for such breach, and alleges indebtedness therefor.   It is not alleged that any suit has been brought, or that any judgment has been recovered, or that the damages have been liquidated by agreement.   The bill further alleges that, after such breach and the making of a claim for damages, the defendant, by its representative, told complainant's representative "that said defendant would take steps to protect itself, so that before your orator would recover judgment it would find no assets to seize, and that your orator, if it should win such litigation, would find a dead dog in the pit."   That the same threats were thereafter made by said defendant company.   Also that the complainant believes the said defendant was then concealing and secretly preparing the plan set out for transferring its property and assets so as to hinder, delay, and defraud the complainant.

The bill then alleges that the plan formed and carried out was as follows:   That on or about December 18, 1907, the second defendant, C. Lembcke & Co., Incorporated, was organized and incorporated in such a manner "that said new corporation was a continuation and succession of the old corporation"; that the first corporation by a bill of

sale endeavored to transfer to the second corporation, second defendant, its entire business and property, receiving in payment therefor nearly all of the capital stock of the new corporation, and that the new corporation refuses to be bound by or take any liability under the said violated and broken contracts. Also that, as the new corporation had notice of the fraud, it was not a bona fide purchaser of the property, and that such sale was in fact made, and is subject to the claims and demands of the complainant and all other creditors of the first corporation. Also that the stock of the new corporation held by the old easily transferable, and of doubtful value and of little present value, that it may pass by delivery, and the proceeds be divided among the stockholders of the old corporation; that the old corporation has filed a certificate for voluntary dissolution and stockholders' consent, and also a certificate of dissolution. It has ceased to do business, but it appears from the bill that the dissolution proceedings are pending.

The relief demanded is that the defendants, and their officers, directors, and stockholders, be restrained from selling, or otherwise alienating, removing, or appropriating any of their business, property, or assets, except in the strict, due, and necessary regular course of business and trade as such, to be accounted for herein; second, from dissolving either of said corporations; third, from declaring or paying any dividends; all until the complainant's debts, damages, interest, and costs be paid and satisfied, and until the event that the complainant have a lien upon the said business, property, and assets. Also that complainant on the final hearing recover payment of the alleged debts and damages in the sum of $136,034.60 and interest. I find no allegation that the new corporation is disposing of its property to cheat or defraud any one or threatening so to do.

It is clear that two causes of action are stated or attempted to be stated in the bill. One is a common-law action to recover a judgment for damages sustained by reason of a breach of contracts. The other is in equity to restrain, while complainant is securing or attempting to secure a lien on the property of one or both defendants by prosecuting his cause of action for damages to judgment and execution, the unlawful and fraudulent disposition of the property of the defendants, and a fraudulent dissolution of such corporations or of either of them. Sometimes when the court has equitable jurisdiction, or takes and exercises equitable cognizance of a case because equitable relief is solely appropriate to the main issue or cause of complainant, it will retain the case and take an account of the damages growing out of or following from the wrong which is the basis of equitable relief. Such is a patent case to restrain infringement and for damages, or an action to restrain the unlawful cutting and taking away of growing timber and for damages. In those cases the damages given are incidental to the equitable relief demanded and given, and the court of equity having the case before it will not relegate the plaintiff to a court of law for his damages.

But this is not such a case. Here the main cause of action is at law for damages, and the complainant is entitled to no relief whatever of an equitable nature until he has established his main cause of action, the contract, its breach, and damages, or is in process of establishing

it. The equitable relief is incidental to that and can be sought or demanded only in aid of the enforcement of his judgment for damages. In the federal courts the distinction is maintained between actions at law and suits in equity. The Circuit Court of the United States has jurisdiction of both classes of actions. But the practice, form of pleading, etc., are different. The Circuit Court practice does not permit the joining of both these causes of action in one action or suit, except in rare instances, of which this is not one. See Kennedy v. Creswell, 101 U. S. 641, 25 L. Ed. 1075. In the common-law cause of action, which here is the main or primary cause of action, the defendant is entitled to a jury trial. He cannot be deprived of that right by uniting it with a demand for equitable relief purely incidental to the collection or enforcement of his judgment on the demand at law for damages. Killian v. Ebbinghaus, 110 U. S. 568, 4 Sup. Ct. 232, 28 L. Ed. 246; Root v. Lake Shore, etc., 105 U. S. 189, 26 L. Ed. 975; Buzard v. Houston, 119 U. S. 347, 7 Sup. Ct. 249, 30 L. Ed. 451. The whole controversy will be settled by a court of equity where it has equitable jurisdiction of a part involving the principles upon which the whole depends. Massie v. Watts, 6 Cranch, 148; 3 L. Ed. 181; Hepburn v. Dunlop, 1 Wheat. 179, 4 L. Ed. 65. Here the principles, the right upon which the whole depends, are the contracts. That is an action at law.

The first ground of demurrer, want of jurisdiction, is overruled. There is the necessary diversity of citizenship and amount in controversy. But this court, as a court of equity, will not entertain this suit as to the claim for damages, for the reason the complainant as to that has no standing in a court of equity. Venner v. Great Northern Railway (decided February 24, 1908) 209 U. S. 24, 28 Sup. Ct. 328, 52 L. Ed. 666, and cases there cited. The second ground of demurrer, misjoinder of causes of action, one at law, purely, and the other in equity, incidental to and in aid of the enforcement of a judgment in the first, if obtained, must be sustained.

The third and fourth grounds of demurrer, misjoinder of parties defendant and multifariousness, are overruled.

But I am of the opinion that this action as a suit in equity cannot, under the allegations of the bill, be maintained. The complainant may sue at law to establish and recover his damages for breach of contract; and that is his remedy. If having brought such an action at law, or being about to bring one, acting with diligence, he finds that the defendant corporations are doing the acts alleged here for the purposes alleged here, and that there is danger of the result sought being accomplished, I do not doubt the power of a court of equity to interpose and prevent the dissipation and concealment of the property of the corporation liable in damages. And if it be true that the second corporation is but the continuation and successor of the first, and its organizers, stockholders, and officers had knowledge of the fraud and illegal purpose, who can doubt that, when judgment is obtained, if obtained, the plaintiff can reach the new or second corporation and its assets? But no such suit at law has been brought or is about to be brought, and there is no suggestion that the American Creosote Works, Limited, intends to bring such an action.

The questions are not raised by the demurrer that no cause of ac-

tion at law is stated, or that no cause of action in equity is stated. In an action at law for damages, the second corporation would not be a proper party or directly concerned. In an action in equity such as has been suggested, both companies would be necessary and proper parties.

The demurrer is sustained on the second ground, misjoinder of causes of action.