**TITLE GUARANTY & SURETY CO. OF SCRANTON, PA., v. GUERNSEY et al.**

(District Court, W. D. Washington, N. D. April 21, 1913.)

No. 2,022.

1. COURTS (§ 303*)—JURISDICTION OF FEDERAL COURTS—SUIT AGAINST STATE —WAIVER OF IMMUNITY.

The exemption of a state from suit in a federal court, given by the eleventh constitutional amendment, cannot be waived by its Attorney General.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 844, 844½; Dec. Dig. § 303.*]

2. COURTS (§ 303*)—JURISDICTION OF FEDERAL COURTS—"SUIT AGAINST THE STATE."

A suit against state officers to enjoin them from paying over money of the state in their hands due to a contractor, and to enforce a lien thereon, is in effect a "suit against the state," and is not within the jurisdiction of a federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 844, 844½; Dec. Dig. § 303.*

For other definitions, see Words and Phrases, vol. 7, p. 6778; vol. 8, p. 7809.]

In Equity. Suit by the Title Guaranty & Surety Company of Scranton, Pa., against W. F. Guernsey and others. On motions by defendants to withdraw pleadings and to dismiss bill, etc. Motions sustained.

James B. Murphy, of Seattle, Wash., for complainant.
W. V. Tanner and S. H. Kelleran, both of Olympia, Wash., for defendants State of Washington, Roberts, Lewis and Clausen.
Higgins & Hughes, of Seattle, Wash., for defendants Frye & Co.
Walter S. Fulton, of Seattle, Wash., for defendant Union Machinery & Supply Co.

CUSHMAN, District Judge. The state of Washington heretofore entered into a contract with W. F. Guernsey & Co. for the construction of state aid road No. 69, and the complainant, the Title Guaranty & Surety Company, of Scranton, Pa., became surety on the contractor's bond, which contained the usual conditions for the faithful performance of the contract and the payment of all claims for labor

and material. The contract has been fully performed by the contractor. A considerable sum remains due from the state on account of the contract price. The contractor owes large sums for labor and material, and has made assignments of the balance due from the state. Under these circumstances the complainant, as surety on the bond, filed the present bill in this court against the contractor, the state of Washington, W. J. Roberts, as highway commissioner, John G. Lewis, as treasurer, and Charles W. Clausen, as auditor, of said state, and others, for a settlement and adjustment of all claims arising out of the contract, and to subject the balance due from the state to the payment and satisfaction of claims against its principal, the contractor.

The Attorney General of the state filed answers and cross-bills for the state of Washington, W. J. Roberts, highway commissioner, John G. Lewis, treasurer, and Charles W. Clausen, auditor, in the nature of a bill of interpleader, in which it was admitted that there was a balance due from the state to the contractor in the sum of upwards of $20,000, the exact amount not being ascertained at that time, and a willingness was expressed to deposit the sum so due in the registry of this court, to be apportioned and distributed to the parties thereto entitled. The contractor, by cross-bill, denied the amount alleged to be due by the state under the contract, and set forth a claim against the state for several thousand dollars additional, for which judgment was prayed. To this cross-bill the state interposed a demurrer.

Heretofore the state's demurrer to this cross-bill of the contractor was sustained. The matter is now before the court upon the following motions:

(1) Motion of the state of Washington to dismiss its cross-bill in the nature of an interpleader against the complainant.

(2) Motion of the state of Washington to withdraw its answer to the amended and supplemental bill and substitute a motion to dismiss.

(3) Motion of the state of Washington to dismiss the amended and supplemental bill as against it.

(4) Motions of the defendants W. J. Roberts, highway commissioner, John G. Lewis, treasurer, and Charles W. Clausen, auditor, of the state of Washington, to dismiss their cross-bill.

(5) Motions of the defendants W. J. Roberts, highway commissioner, John G. Lewis, treasurer, and Charles W. Clausen, auditor, of the state of Washington, to dismiss the cross-complaint of the defendant Union Machinery & Supply Company.

(6) Motions of the defendants W. J. Roberts, highway commissioner, John G. Lewis, treasurer, and Charles W. Clausen, auditor, of the state of Washington, to dismiss the amended and supplemental bill of complaint.

(7) Motions of the defendants W. J. Roberts, highway commissioner, John G. Lewis, treasurer, and Charles W. Clausen, auditor, of the state of Washington, to dismiss the cross-complaint of the defendants Frye & Co.

(8) Motions of the defendants W. J. Roberts, highway commissioner, John G. Lewis, treasurer, and Charles W. Clausen, auditor, of the state of Washington, to withdraw their answers to the amended and supplemental complaint and substitute a motion to dismiss.

The authorities relied upon by the defendants in support of their various motions are as follows: Governor of Georgia v. Madrazo, 1 Pet. 110, 7 L. Ed. 73; Cunningham v. Macon, etc., Ry. Co., 109 U. S. 447, 3 Sup. Ct. 292, 27 L. Ed. 992; Louisiana v. Jammel, 107 U. S. 713, 2 Sup. Ct. 128, 27 L. Ed. 448; Pennoyer v. McConnaughy, 140 U. S. 1, 11 Sup. Ct. 699, 35 L. Ed. 363; Ex parte Ayers, 123 U. S. 443, 8 Sup. Ct. 164, 31 L. Ed. 216; Belknap v. Schild, 161 U. S. 12, 16 Sup. Ct. 443, 40 L. Ed. 599; North Carolina v. Temple, 144 U. S. 22, 10 Sup. Ct. 509, 33 L. Ed. 849; Hagood v. Southern, 117 U. S. 53, 6 Sup. Ct. 608, 29 L. Ed. 805; State ex rel. Drake v. Doyle, 40 Wis. 175, 22 Am. Rep. 692; Smith v. Reeves, 178 U. S. 436, 20 Sup. Ct. 919, 44 L. Ed. 1140; article 2, § 26, Constitution of the State of Washington; Rem. & Bal. Code, § 886; Stanley v. Schwalby, 162 U. S. 255, 16 Sup. Ct. 754, 40 L. Ed. 960; People v. Sanitary District, 210 Ill. 171, 71 N. E. 334; Kern v. Huidekoper, 103 U. S. 485, 26 L. Ed. 354; 16 Cyc. 314; 22 Encyc. of Pl. & Pr. 1323; 16 Encyc. of Pl. & Pr. 597 (relating to withdrawal of pleas); Blalock v. Condon, 51 Wash. 604, 99 Pac. 733; Pullman Palace Car Co. v. Central Transportation Co., 171 U. S. 138, 18 Sup. Ct. 808, 43 L. Ed. 108; Simpkins, Federal Equity Suit (2d Ed.) 349, and cases cited; C. & A. R. R. Co. v. Rolling Mill Co., 109 U. S. 702, 713, 3 Sup. Ct. 594, 27 L. Ed. 1081; Dunham v. Carson, 37 S. C. 269–281, 15 S. E. 960; Gilmore v. Bort (C. C.) 134 Fed. 658; McCabe v. So. Railway (C. C.) 107 Fed. 213; Pennsylvania, etc., Co. v. Globe, etc., Co. (C. C.) 121 Fed. 1015; Bridesburg Mfg. Co. Appeal, 106 Pa. 275; 23 Cyc. 5, 6; Baltimore, etc., Railway Co. v. Arthur, 90 N. Y. 234; Story's Equity Jurisprudence (13th Ed.) vol. 2, pp. 138, 139; Wing v. Spaulding, 64 Vt. 83, 23 Atl. 615; Killian v. Ebbinghaus, 110 U. S. 568, 4 Sup. Ct. 232, 28 L. Ed. 246; Diplock v. Hanna, 23 L. J. Ch. 550, 2 Wkly. Rep. 500; Glasner v. Weisberg, 43 Mo. App. 214; Williams v. Matthews, 47 N. J. Eq. 196, 20 Atl. 261; Jackson v. Athletic Club, 49 App. Div. 107, 62 N. Y. Supp. 1109; Hely v. Lee, 108 Tenn. 715, 69 S. W. 273.

[1] This is a suit against the state. The Legislature of the state alone can give the consent of a sovereign state to be sued. The Attorney General cannot waive the immunity. To the same effect is the case of Deseret Water, Oil & Irrigation Co. v. State of California (C. C. A.) 202 Fed. 498.

[2] Injunctive relief is asked in the complaint against the state officers—the highway commissioner, treasurer, and auditor—and that complainant be adjudged to have a lien upon the money due the contractor held by such officers, that the lien be foreclosed, and the money turned over to the complainant. Thus it is sought to recover money from the state. This renders the suit against the officers, in effect, a suit against the state. 36 Cyc. 915, B. The state has not paid into court the money, which it admits to be due, but only offered to do so in its cross-bill in the nature of an interpleader. There has been no trial or decree, interlocutory or final, herein. It appears that no prejudice will result to any of the parties in interest by allowing the defendant state and its officers to dismiss their cross-bills of complaint. Therefore each and all of said motions are hereby granted.

In order to allow complainant the opportunity to sue the state and its officers in the superior court of Thurston county, where alone they can be sued, this order will not become effective until 10 days from the date of filing.