## MAXIM *v.* SHOTWELL.

1. INTERPLEADER—RIGHT TO MAINTAIN BILL.
   In order to maintain a bill of interpleader, plaintiff must be an indifferent stakeholder, have no interest in the fund, and no matter of his own to litigate with the defendants.

2. SAME—BILL IN NATURE OF INTERPLEADER—EQUITY.
   A bill in the nature of a bill of interpleader cannot be maintained unless the relief sought is equitable relief.

3. SAME—PERSONAL INTEREST TO LITIGATE BAR TO BILL.
   Where plaintiff had taken 10 sheep to double in four years,

he could not maintain a strict bill of interpleader to settle his liability therefor with two defendants who both claimed them, where he claimed the sheep were worth $160 and both defendants insisted they were worth $300.

4. SAME—BILL IN NATURE OF INTERPLEADER—EQUITABLE RELIEF.
   Nor could said bill be maintained as a bill in the nature of a bill of interpleader, since plaintiff sets up no equitable cause of action, the only thing sought outside of the interpleader of the defendants being the fixing of the value of the sheep.

Appeal from Kent; Perkins (Willis B.), J. Submitted January 8, 1920. (Docket No. 29.) Decided February 27, 1920.

Bill of interpleader by Dewitt C. Maxim against David S. Shotwell and Angie L. Williams, individually and as special administratrix of the estate of Martha E. Shotwell, deceased, to enjoin an action at law and to determine the value of certain sheep. From an order denying a motion to dismiss, defendant Shotwell appeals. Reversed, and bill dismissed.

*Smedley & Linsey*, for plaintiff.

*Griswold & Cook*, for appellant.

By his bill filed in this case the plaintiff sets up the following facts: That on or about November 1, 1914, one Martha E. Shotwell had in her possession 10 sheep which she desired him to take and keep and double in four years; that it was agreed between them that 5 of the sheep belonged to said Martha, and 5 to her daughter, Angie L. Smith; that on that day he signed the following paper writing:

"November 1, 1914.
"This writing to show that D. C. Maxim has taken 10 ewe sheep for four years to double. If I should sell the place you are to take the sheep back at any time.

(Signed) "D. C. MAXIM."

The bill further alleges the taking by him of the sheep, that he kept them for the four years, the death of Mrs. Shotwell, and alleges that after the four years had expired defendant David S. Shotwell, husband of Martha, demanded the sheep or the value thereof, claiming them to be worth $300; plaintiff denies the sheep were worth that amount. The daughter Angie L. (now Angie L. Williams, the other defendant) also demanded said sheep or the value thereof in the sum of $300, claiming 10 of them in her own right and 10 of them as special administratrix of her mother's estate. Plaintiff refused both demands but offered to pay the value of the sheep if defendants would agree between themselves upon a division of the money or who should have it. Defendant Shotwell has brought suit to recover the value of the sheep and defendant Williams has served written demand for the sheep or their value. He alleges in his bill:

"Your orator, therefore, shows that he is in between two fires; that he cannot with safety pay either one of said claimants, and therefore, he files this bill of interpleader and avers that said sheep were at this date $8 per head, and that would make the value of the 20 sheep only $160; but that whatever the court finds the value of the sheep to be, your orator stands ready and willing to pay that amount into court, or to the party lawfully entitled to the same."

And in the prayer of the bill prays:

"(c) That a decree be rendered stating to whom and how much your orator shall pay for the value of said 20 sheep."

Plaintiff nowhere in his bill offers to deliver the sheep to whomsoever the court may determine to be the owner thereof. Defendant Shotwell filed a motion to dismiss the bill in the nature of a demurrer which was overruled. To review the order overruling this motion, we allowed this appeal.

FELLOWS, J. (*after stating the facts*). We shall only consider one of the objections discussed in defendant's brief as it disposes of the case. This objection is:

"That there is a controversy between the plaintiff and all the defendants as to the value of the sheep and the amount of his liability."

In the consideration of the case we must determine whether the bill may be maintained (1) as a strict bill of interpleader, (2) as a bill in the nature of a bill of interpleader.

1. May this bill be maintained as a strict bill of interpleader? It was regarded as such a bill when it was filed and it asks that defendants be required to interplead. While bills of interpleader were not unknown to the common law of England, they were of very limited application. By statutes in England and in some of the States, and by the application of equitable principles their scope has been extended and the jurisdiction of courts of equity to compel an interpleader has been applied. In 2 Story's Equity Jurisprudence (14th Ed.), § 1116, it is said:

"It is properly applied to cases where two or more persons severally claim the same thing under different titles or in separate interests from another person, who not claiming any title or interest therein himself, and not knowing to which of the claimants he ought of right to render the debt or duty claimed, or to deliver the property in his custody, is either molested by an action or actions brought against him, or fears that he may suffer injury from the conflicting claims of the parties. He therefore applies to a court of equity to protect him, not only from being compelled to pay or deliver the thing claimed to both the claimants, but also from the vexation attending upon the suits which are or possibly may be instituted against him."

In *Hoggart* v. *Cutts*, 1 Craig & Phil. 197, it was said by the Lord Chancellor:

"The definition of interpleader is not, and cannot, now, be disputed. It is where the plaintiff says, 'I have a fund in my possession in which I claim no personal interest, and to which you, the defendants, set up conflicting claims; pay me my costs, and I will bring the fund into court, and you shall contest it between yourselves.'"

That the party must be an indifferent stakeholder, have no interest in the fund, no matter of his own to litigate with the defendants, in order to maintain a bill of interpleader, is settled by the unbroken trend of authority. We again quote from Story (§ 1117):

"So if the party himself seeking the aid of the court by bill of interpleader claims an interest in the subject-matter as well as the other parties, there is no foundation for the exercise of the jurisdiction; for in such a case he has other appropriate remedies. And besides a bill of interpleader always supposes that the plaintiff is the mere holder of a stake which is equally contested by the other parties, and as to which the plaintiff stands wholly indifferent between them, so that when their respective rights are settled nothing further remains in controversy. But that can never be truly said to be the case when the plaintiff asserts a personal right or claim which remains to be settled between him and the other parties, or the plaintiff seeks relief in the premises against either of them."

In the case of *Bridesburg Manfg. Company's Appeal*, 106 Pa. St. 275, the party bringing the bill sought to have litigated the question of whether he should pay interest. The court adopted the opinion of the trial judge wherein it was said:

"But whenever it appears that there is a substantial controversy between the plaintiff and defendants in regard to the extent of the liability of the former, or the amount of his indebtedness, the plaintiff's right to this remedy is at once determined, for he cannot bring the defendants into equity to settle a dispute with himself under the pretense of compelling them to settle one between themselves."

So, also, it was said in *Glasner* v. *Weisberg,* 43 Mo. App. 214:

"The rule is that when a question is raised as to the amount which is the subject of the interpleader such question prevents the right of the interpleader. The mere fact of there being a dispute as to the amount of the fund is always fatal to the bill."

And in *Chamberlain* v. *O'Connor,* 8 How. Pr. (N. Y.) 45, it was said:

"It has nowhere been allowed for a party who disputed the amount of his liability, to substitute another person to bear the expense of the litigation. If the amount is not beyond dispute no interpleader can be allowed."

We quote from the syllabus of *Baltimore & Ohio R. Co.* v. *Arthur,* 90 N. Y. 234:

"The amount due from a plaintiff cannot be the subject of controversy in an action of interpleader; the action can only be maintained when plaintiff admits liability, for the full amount claimed, to one or the other of the claimants."

See, also, *Mitchell* v. *Hayne,* 2 Sim. & Stu. 63; *Jackson* v. *Athletic Club,* 49 App. Div. 107 (62 N. Y. Supp. 1109) ; *Cogswell* v. *Armstrong,* 77 Ill. 139; *Hely* v. *Lee,* 108 Tenn. 715 (69 S. W. 273) ; *Crass* v. *Railroad Co.,* 96 Ala. 447 (11 South. 480) ; *Patterson* v. *Perry,* 14 How. Pr. (N. Y.) 505; 11 Enc. Pl. & Prac. p. 455; 15 R. C. L. p. 226.

These authorities and many others which might be cited demonstrate beyond question that a bill of interpleader may not be maintained where the party bringing it seeks to litigate with the defendants his liability or the substantial amount of it. In the instant case both defendants insist the sheep were worth $300; plaintiff insists they were only worth $160; he asks the court to fix their value, to determine what he shall pay. He cannot in interpleader litigate this question

with the defendants. The bill cannot be maintained as a strict bill of interpleader.

2. May this bill be maintained as a bill in the nature of a bill of interpleader? In 4 Pomeroy's Equity Jurisprudence (4th Ed.), § 1481, it is said:

"A bill in the nature of a bill of interpleader is one in which the complainant seeks some relief of an equitable nature concerning the fund or other subject-matter in dispute, in addition to the interpleader of conflicting claimants. The complainant is not required, as in strict interpleader, to be an indifferent stakeholder, without interest in the subject-matter. It is essential, however, that the facts on which he relies entitle him to equitable, as distinguished from legal, relief; he is not permitted, under the guise of a bill in equity, to litigate a purely legal claim or interest in the subject-matter."

In 23 Cyc. p. 29, is found the following:

"A bill in the nature of a bill of interpleader is distinguished from a bill of interpleader proper in that there are grounds of equitable jurisdiction other than the mere right to compel defendants to interplead, and the complainant may seek some affirmative equitable relief."

That the party bringing a bill of this character must be entitled to equitable relief, that the jurisdiction of the court of equity may be invoked to enforce only equitable rights by a bill of this nature is demonstrated by the adjudicated cases. Thus it was held by the Supreme Court of the United States in *Killian* v. *Ebbinghaus*, 110 U. S. 568 [4 Sup. Ct. Rep. 232], (we quote from the syllabus):

"A bill in the nature of a bill of interpleader cannot be maintained unless the relief sought is equitable relief."

And the supreme court of Mississippi in *Blue* v. *Watson*, 59 Miss. 619, said:

"The only distinction between a bill of interpleader, and one in the nature of a bill of interpleader, is, that in the former class the complainant only asks to be permitted to pay the money into court, and thereupon to be discharged from liability to the adverse claimants, while in the other he claims some independent other relief, to which he will be entitled upon the payment of the money. In no case have we been able to find that the plaintiff claimed any interest in the fund itself. It is only in cases in which the plaintiff is entitled to come into court upon some other ground of equitable jurisdiction, that he may, for the purpose of obtaining full relief, make defendants to his bill all parties claiming an interest in the money due by him."

In *Orr Water Ditch Co.* v. *Larcombe*, 14 Nev. 53, the court clearly recognized that the relief sought must be equitable relief. It was there said:

"It seems to have been the intention of plaintiff's counsel to prepare a bill of interpleader; but as soon as objections are made to it as such, he admits its insufficiency and then claims that he is entitled to have it sustained as a bill in the nature of an interpleader.

"One of the distinguishing features in bills in the nature of an interpleader seems to be that the complainant may seek some relief against the respective claimants to the property. In order to maintain a bill in the nature of an interpleader, where the plaintiff is entitled to equitable relief against the owner of the property, it must also appear that the legal title thereto is in dispute between two or more persons, and that plaintiff cannot ascertain to which of said parties it actually belongs."

In *New England Mut. Life Ins. Co.* v. *Odell*, 50 Hun (N. Y.), 279, it was said, quoting from the court at general term:

"The fact (which is conceded by the respondents) that the sum which the plaintiff is willing to pay is not the sum which the defendants and appellants claim is fatal to the maintenance of this action. (*Baltimore & Ohio R. Co.* v. *Arthur*, 90 N. Y. 234.) In

this case the principle is distinctly enunciated that, in an action of interpleader the amount due from a plaintiff cannot be the subject of controversy, and this seems to be simply restating a rule which appears always to have prevailed.

"It is urged, in answer to this objection, that because the appellants claim more than the plaintiff admits to be due, the case is thereby turned into an action in the nature of an interpleader. We have failed to find any such principle laid down in the cases stating the distinctions between strict actions of interpleader and actions in the nature of interpleader. In strict actions of interpleader legal rights are only enforced, in actions in the nature of interpleader equitable relief in addition is sometimes given, and that seems to be the whole of the distinction."

See, also, *Stephenson* v. *Burdett,* 56 W. Va. 109 (48 S. E. 846); *Mohawk & Hudson R. Co.* v. *Clute,* 4 Paige (N. Y.), 384.

The case of *Van Winkle* v. *Owen,* 54 N. J. Eq. 253 (34 Atl. 400), cited and relied upon by plaintiff is not out of accord with the doctrine of the authorities cited. In that case decedent Owen had recovered judgment in a New York court against the complainant; upon that judgment defendant Wehle claimed a lien which had been assigned to defendant Smith. Plaintiff had turned over to Owen certain securities and papers, some of which had been realized on, but plaintiff did not know how much. Judgment was recovered in New Jersey upon the New York judgment. The complainant was ready to pay, but desired a cancellation not only of the New Jersey judgment but also of the New York judgment, and an accounting. The jurisdiction of the court was therefore invoked upon equitable grounds; and it was sustained on equitable grounds as a careful reading will disclose. Under such circumstances, the court having jurisdiction of the equitable cause of action could treat the bill as a bill in the nature of a bill of interpleader and determine to

whom the money should be paid. That the New Jersey court recognized the rule above referred to is evidenced by the fact that the opinion cites the earlier case of *Aleck* v. *Jackson*, 49 N. J. Eq. 507 (23 Atl. 760), wherein the court said:

"In a bill, in the nature of a bill of interpleader, the complainant seeks some relief for himself, but the facts on which he relies for such relief must be such as to entitle him to it in a court of equity—the case as made must be one of equity jurisdiction."

In the case of *Bedell* v. *Hoffman*, 2 Paige (N. Y.), 199, the bill was a bill to redeem, but there were conflicting claimants; the relief sought was equitable and the bill sustained as a bill in the nature of a bill of interpleader. A similar situation in *Koppinger* v. *O'Donnell*, 16 R. I. 417 (16 Atl. 714), sustained a bill as a bill in the nature of a bill of interpleader. A mortgagor sought an accounting, a decree of redemption, and a determination between adverse claimants. The relief asked for and granted was equitable relief. The bill was sustained. In *Board of Sup'rs of Saratoga Co.* v. *Deyoe*, 77 N. Y. 219, the board sought the cancellation of bonds issued by the treasurer of the county in excess of his authority and the interpleader of numerous claimants, many of whom had brought suits on bonds held by them; again the relief sought —the cancellation of the bonds—was equitable and the bill was sustained.

It is unnecessary to discuss the authorities further. The universal trend of decisions is disclosed by those considered. Where there are several claimants to the same fund and the moving party has an equitable cause of action and an interest in the subject-matter, such claimants may be brought in and required to interplead among themselves, and the bill may be sustained as a bill in the nature of a bill of interpleader. In the instant case plaintiff has no equitable cause of

action; he has set up no grounds for equitable relief. Outside of the interpleader of the defendants the only thing sought is the fixing of the value of the sheep. Manifestly the interposition of a court of equity is not required to find the value of the 20 sheep. The bill cannot be sustained as a bill in the nature of a bill of interpleader.

The order must be reversed. A decree will be here entered dismissing the bill. Defendant Shotwell will recover his costs.

MOORE, C. J., and STEERE, BROOKE, STONE, CLARK, BIRD, and SHARPE JJ., concurred.