### SHARP v. HAWKS et al.
### No. 10320.

Circuit Court of Appeals, Eighth Circuit.
Jan. 6, 1936.

John R. Duty, Claude Duty, and Jeff Duty, all of Rogers, Ark., for appellant.

John W. Nance, of Rogers, Ark., for appellees.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

GARDNER, Circuit Judge.

This is a suit in equity brought by appellant as plaintiff below to set aside certain conveyances of real property, on the ground that these conveyances were without consideration and made for the fraudulent purpose of hindering and delaying appellant in the collection of certain indebtedness evidenced by promissory notes executed by one H. J. Hawks to the First National Bank of Rogers, Ark. We shall refer to the parties as they appeared below.

Plaintiff brought the suit as receiver of the First National Bank of Rogers, Ark., which is in process of liquidation by the Comptroller of the Currency. The defendants are the grantees named in the various conveyances sought to be set aside as fraudulent. It is alleged in the bill of complaint that H. J. Hawks in his lifetime borrowed certain moneys from the First National Bank of Rogers, Ark., executing his promissory notes therefor, the indebtedness aggregating $4,662.10, besides accrued interest; that he died May 1, 1933, and at the time of his death was in fact the owner of certain real estate described in the bill of complaint; that at and prior to the time he executed the notes to the bank he was the owner of certain real estate described, but that at the time he purchased the same he was insolvent, and in an effort to place the property beyond the reach of creditors, he executed the conveyances sought to be

set aside. The defendants denied the insolvency of H. J. Hawks, denied the amount of the alleged indebtedness, denied all fraud, and alleged that the property in fact belonged to and was the joint property of H. J. Hawks and his wife at the time it was conveyed, and that by conveyances subsequent to the death of H. J. Hawks title had revested in his surviving widow, and was not in any event subject to the payment of the debts of the deceased husband.

The court found against the plaintiff on the issue of insolvency and on the issue of fraud; found that the conveyances were made in good faith, and that the defendant Lavonia Hawks, the surviving widow of H. J. Hawks, was the lawful owner of the property. Other facts found are, in our view, not material to the disposition of the suit.

█ It is first to be observed that plaintiff brings the suit as a simple unsecured contract creditor. The court found, among other things, that at least a substantial part of the property was exempt property. A suit to set aside a fraudulent conveyance cannot be maintained unless the property transferred could, except for the conveyance, be made liable to the plaintiff's claim. A simple contract creditor or ordinary claimant cannot attack as fraudulent a transfer by a debtor of property, even though but for the transfer it might be applicable to the payment of the debt. The creditor must first recover judgment against the debtor or acquire a specific lien by attachment or otherwise. Indeed, where the property sought to be reached is in its nature subject to execution, he must follow up a judgment obtained with whatever steps may be necessary to make it a specific lien upon the subject of the conveyance. Hollins v. Brierfield Coal, etc., Co., 150 U.S. 371, 14 S. Ct. 127, 37 L.Ed. 1113'; Cates v. Allen, 149 U.S. 451, 13 S. Ct. 883, 37 L.Ed. 804; Scott v. Neely, 140 U.S. 106, 11 S.Ct. 712, 35 L.Ed. 358; Smith v. Fort Scott, etc., R. Co., 99 U.S. 398, 25 L.Ed. 437; Gillespie v. Riggs (C.C.A.) 253 F. 943; Maxwell v. McDaniels (C.C.A.) 184 F. 311; American Creosote Works v. C. Lembcke & Co. (C.C.) 165 F. 809; Reeves v. Sherwood, 45 Ark. 520; Clark v. Anthony, 31 Ark. 546; Carson v. Long-

Bell Lumber Corp. (C.C.A.8) 73 F.(2d) 397.

█ In some of the states there are statutes permitting the maintenance of a creditor's bill by a simple contract creditor. But, even where under the state practice this is permissible, such a suit cannot be maintained in the national courts. The jurisdiction of federal courts of equity cannot be limited nor enlarged by state legislation nor their general powers affected thereby. Brill v. W. B. Foshay Co. (C.C. A.8) 65 F.(2d) 420; Cates v. Allen, 149 U. S. 451, 13 S.Ct. 883, 37 L.Ed. 804; Hollins v. Brierfield Coal, etc., Co., 150 U.S. 371, 14 S.Ct. 127, 128, 37 L.Ed. 1113.

A state statute authorizing a simple contract creditor to maintain a suit to set aside a conveyance made in fraud of creditors will not be enforced in the federal courts of equity, because, according to the principles of equity, the plaintiff in such a suit must first reduce his debt to judgment before he can attack a fraudulent conveyance. In Hollins v. Brierfield Coal, etc., Co., supra, in which simple contract creditors were seeking to attack a conveyance as fraudulent, it is said: "It is the settled law of this court that such creditors cannot come into a court of equity to obtain the seizure of the property of their debtor, and its application to the satisfaction of their claims, and this notwithstanding a statute of the state may authorize such a proceeding in the courts of the state. The line of demarcation between equitable and legal remedies in the federal courts cannot be obliterated by state legislation."

█ The defendant is entitled to a jury to determine the existence of the debt before it can be made the basis of an equitable proceeding. Cates v. Allen, 149 U.S. 451, 13 S.Ct. 883, 37 L.Ed. 804; D. A. Tompkins Co. v. Catawba Mills (C.C.) 82 F. 780; Hollins v. Brierfield Coal, etc., Co., 150 U.S. 371, 14 S.Ct. 127, 37 L.Ed. 1113; Strang v. Richmond, etc., R. Co. (C.C.A.) 101 F. 511.

It is therefore unnecessary to discuss the other issues in this case because it appears on the face of the record that the plaintiff could not in any event maintain this suit.

The decree appealed from is therefore affirmed.