956

Charles Byers (of Morrison, Nugent, Berger, Byers & Johns), of Kansas City, Mo., for plaintiff.

Neil F. Cline, L. E. Bates, McVey & Randolph, Glen V. Graf, Ryland, Stinson, Mag & Thomson, Fred B. Mertsheimer, Thomas R. Hunt, J. John Gillis, Lathrop, Crane, Reynolds, Sawyer & Mersereau, Cowgill & Popham, Miniace & Donovan, K. Martin Kirschner, J. B. McFarland, Carl V. Kretsinger, John W. Hudson, Samuel Feller, Jeter & Earhart, and Oscar Hill, all of Kansas City, Mo., for defendants.

OTIS, District Judge.

Motion to dissolve injunction on the ground that plaintiff's bill is not a true bill in the nature of a bill of interpleader.

■ Plaintiff's "Complaint for Interpleader and Declaratory Relief" certainly is not a "bill of interpleader" of which the United States Courts are given jurisdiction under Sec. 41, subd. (26), Tit. 28, U.S. C., 28 U.S.C.A. § 41(26). Killian v. Ebbinghaus, 110 U.S. 568, 571, 4 S.Ct. 232, 28 L.Ed. 246; Groves v. Sentell, 153 U. S. 465, 485, 14 S.Ct. 898, 38 L.Ed. 785. Is it a bill in the nature of a bill of interpleader within the meaning of Sec. 41?

■ What is a bill in the nature of a bill of interpleader? Without looking at the books one would think that if it is in the nature of a bill of interpleader it must have some of the essential characteristics of such a bill, but, perhaps, not all of the characteristics, and that it may have additional characteristics. The very essence of a bill of interpleader is, (1) that it shall allege that two or more are demanding the same thing of which, (2) the plaintiff is an indifferent stakeholder —a characteristic almost as essential as that first stated. We should certainly expect to find from the authorities that a bill in the nature of a bill of interpleader must allege that two or more are demanding the same thing from the plaintiff. We should certainly expect to find that the plaintiff is, at least to some extent, a stakeholder. What say the authorities?

The most authoritative statement we have seen is that of the Supreme Court in Killian v. Ebbinghaus, supra, in which it is said [110 U.S. 568, 4 S.Ct. 234]:

"* * * the appellee insists that it [i. e., the suit] can be maintained as a bill in the nature of a bill of interpleader. In support of this view, his counsel cites section 824, Story Eq.Jur. (11th Ed.), where it is said that 'there are many cases where a bill in the nature of a bill of interpleader will lie by a party in interest to ascertain and establish his own rights, when there are other conflicting rights between third persons.'

"But in all such cases the relief sought is equitable relief. [Citing cases.] The authority cited by the appellee does not, therefore, aid the bill in this case, which is that of a party out of possession claiming the legal title to real estate, seeking to oust the parties in possession, who also claim the legal title, and compel them to pay over the rents and profits."

The Circuit Court of Appeals for the Fifth Circuit in Hayward & Clark v. McDonald, 192 F. 890, 893, said "Innumerable cases occur that have some of the features of a bill of interpleader, but have, in addition, other features that do not come within the definition of bills of interpleader. A complainant is not to be deprived of equitable relief, if entitled to it on other equitable grounds, because his case has some, but not all, of the attributes of interpleader in equity. For example, and to refer to a class of cases analogous to the one at bar, a complainant may have in his hands property or money to which others have conflicting claims, in reference to which property or conflicting claims the complainant may have equitable rights or claims and be entitled to equitable relief. In such case, while he cannot maintain a bill of interpleader strictly so called, he is nevertheless entitled to relief, and is permitted to maintain a bill in the nature of a bill of interpleader."

The definition of bills in the nature of bills of interpleader is succinctly set out

by Mr. Pomeroy in his work on Equity Jurisprudence (see Pomeroy, 4th Ed., Sec. 1481). He says "A bill in the nature of a bill of interpleader is one in which the complainant seeks some relief of an equitable nature concerning the fund or other subject matter in dispute, in addition to the interpleader of conflicting claimants. The complainant is not required, as in strict interpleader, to be an indifferent stakeholder, without interest in the subject matter. It is essential, however, that the facts on which he relies entitle him to equitable, as distinguished from legal, relief; he is not permitted, under the guise of a bill in equity, to litigate a purely legal claim or interest in the subject matter."

Corpus Juris (see 33 C.J. 423) defines a bill in the nature of a bill of interpleader substantially as it is defined by Mr. Pomeroy.

■ It is then an essential of a bill in the nature of a bill of interpleader that there shall be conflicting claimants to the same fund or subject matter held by the plaintiff and, a second essential, that the plaintiff shall have some right to equitable relief as against the defendants or some of them with respect to the same fund or subject matter. We apply those tests to plaintiff's complaint.

■ 1. The plaintiff executed a bond for A. B. Collins & Co. as principal, a bond protecting those dealing with that company and its salesmen against loss on account of wrongful and illegal acts. The plaintiff's liability under the bond was limited to a certain amount. The defendants, excepting two of them, have made claims against A. B. Collins & Co. and the plaintiff. The nature of each claim is that the claimant was damaged by some illegal and wrongful act of A. B. Collins & Co. and is entitled to damages therefor. The question is, Are such claims, claims to the same fund or subject matter?

Clearly the answer to the question must be in the negative. Each claimant has a separate and distinct claim against A. B. Collins & Co. Each claim is to a separate and distinct liability on the part of A. B. Collins & Co. So far as that company, the principal in the bond, is concerned, there is neither one fund nor one subject matter. Certainly, in that respect, the liability of the surety is like that of the principal. If the surety is liable to any claimant its liability to him is separable from its liability, if any, to any other claimant. The fact that plaintiff's maximum liability on the bond may be $5000 does not mean that there is one fund or one subject matter (or one or more benefits claimed) of the various claims. If A has signed five separate notes for $1000 each as surety, the claims against him of the payees involve separate subject matters, even although his property is worth only $1000 or even although he has conditioned his obligation in each instance to a maximum liability of $1000 on all notes.

■ 2. Plaintiff must have some right to equitable relief against the several claimants touching the identical subject matter. That cannot be true here, where the claimants do not seek to reach the same subject matter. Moreover, the plaintiff has no claim to equitable relief against any claimant as to any subject matter. That is an essential of a bill in the nature of a bill of interpleader. The suggestion that that essential is satisfied by showing a multiplicity of suits instituted or threatened we think is untenable. Under some circumstances, there is jurisdiction in equity to enjoin a multiplicity of suits, but the equitable relief essential to a bill in the nature of a bill of interpleader is equitable relief concerning some fund or subject matter, not merely relief against a multiplicity of suits. The admirably expressed views of Judge Chestnut in John Hancock Ins. Co. v. Kegan, D.C., 22 F.Supp. 326, cannot prevail against all authority.

3. The complaint then is neither a bill of interpleader nor a bill in the nature of a bill of interpleader within the meaning of Sec. 41, Subd. 26, Tit. 28, U.S.C., 28 U.S.C.A. § 41(26).

■ 4. We think that Rule 22, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, has no application. That rule applies only where "the plaintiff is or may be exposed to double or multiple liability." But the complaint here presents no such situation. By "double or multiple liability" is meant "double or multiple liability" on the same obligation. This plaintiff is not under the same obligation to any two claimants against it.

### Order.

Defendant Ayres' motion is sustained. The injunction heretofore issued is dissolved, in so far as it affects Ayres. So ordered. Exception to plaintiff.