**A/S KREDIIT PANK, Plaintiff-Appellant,**

v.

**The CHASE MANHATTAN BANK, Defendant-Appellee.**

**No. 353, Docket 27308.**

United States Court of Appeals Second Circuit.

Argued May 2, 1962.

Decided May 18, 1962.

Delson, Levin & Gordon, New York City (J. Pinckney Torpats, Arlington, Va., of counsel), for plaintiff-appellant.

A. Donald MacKinnon and Milbank, Tweed, Hope & Hadley, New York City (Rebecca M. Cutler, Edward J. Reilly, Jr., New York City, of counsel), for defendant-appellee.

Before LUMBARD, Chief Judge, WATERMAN and FRIENDLY, Circuit Judges.

PER CURIAM.

Appellant, an Estonian bank, brought an action in the District Court for the Southern District of New York, in April, 1956, for a judgment declaring that two persons were the only ones authorized to dispose of funds in its account with defendant, The Chase Manhattan Bank. Chase promptly answered and counterclaimed for interpleader. This was granted in a well-reasoned opinion by

Judge Bryan, D.C., 155 F.Supp. 30 (1957). Many further motions ensued; the docket entries alone fill six and a half printed pages. Among other things, appellant sought to relitigate Chase's right to interplead and opposed, unsuccessfully, the intervention of the Acting Consul General of Estonia. Ultimately a settlement was reached, the action was dismissed with prejudice, and Chase was allowed attorneys' fees of $8500 and costs and expenses of $2076.41. From the latter portion of the order of dismissal this appeal has been taken.

It ought not to have been. Appellant does not dispute that a defendant properly invoking interpleader is entitled to costs and attorneys' fees, Mutual Life Ins. Co. of New York v. Bondurant, 27 F.2d 464, 466 (6 Cir.), cert. denied, 278 U.S. 630, 4 S.Ct. 30, 73 L.Ed. 548 (1928); 3 Moore, Federal Practice (2d ed. 1948), ¶ 22.16, and cases cited in fn. 5. Its claims that an allowance should have been denied here because there was no need for interpleader in the light of N.Y. Banking Law, § 134, subd. 7 and other circumstances, or because Chase did not itself institute an action for interpleader at an earlier date, and that any allowance must be limited to the period before the order allowing interpleader was entered, are not even colorable. The same is true of its criticism of the amount allowed, which represents, in no small measure, services of Chase's attorneys occasioned by appellant's unjustified resistance to the interpleader and the hearing of other parties.

The case would be an appropriate one for invoking our Rule 26(b), 28 U.S.C. whereby damages at a rate not exceeding 10%, in addition to interest, may be awarded "where an appeal shall delay the proceedings on the judgment, decree, or order of the lower court, and shall appear to have been sued out merely for delay, * * *" see 28 U.S.C. § 1912, and Gins-burg v. Stern, 295 F.2d 698 (3 Cir. 1961). However, since this is an action in which attorneys' fees may be awarded in any event, it will be sufficient to grant defendant an additional $1,000 for its at-torneys' fees on appeal, together with the cost of printing its brief and appendix and any other costs normally taxable, and to dismiss the appeal as frivolous. It is so ordered.