## LINCOLN INCOME LIFE INSURANCE COMPANY, Plaintiff,

v.

## Willa D. HARRISON and Charles T. Harrison, a minor, Defendants.

### No. 75–0777–D Civil.

United States District Court,
W. D. Oklahoma.

Jan. 27, 1976.

Jerome E. Hemry, Kenneth M. Hemry, Oklahoma City, Okl., for plaintiff.

Kenneth G. Mayfield, Oklahoma City, Okl., for defendant Charles T. Harrison.

William F. Shdeed, Oklahoma City, Okl., for defendant Willa D. Harrison.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

This interpleader action arises from a dispute as to the proper beneficiary under a policy of life insurance issued by Plaintiff on the life of Charles W. Harrison, deceased. The policy in question was a group policy covering employees of the State of Oklahoma. The deceased was covered under said policy for a period of time prior to this death while employed by an agency of the State, and Defendant Charles T. Harrison, the deceased's son, was designated as beneficiary. Shortly prior to his death, (three days) the deceased transferred to another state agency and at such time filled out a form in regard to said transfer of employment in which Defendant Willa D. Harrison, his mother, was designated as beneficiary. The deceased did not execute a change of beneficiary form in relation to such coverage. Both Defendants made demand for payment of the life insurance proceeds which amounted to $12,000.

Plaintiff initiated the instant action and paid the policy proceeds into the registry of the Court. Plaintiff requested in the Complaint that it be awarded attorney fees for bringing the instant action and there-

after be exonerated from further liability as to the life insurance proceeds in question and that the Defendants be required to interplead their respective claims. Plaintiff stated that the instant interpleader action was being brought pursuant to 28 U.S.C. § 1335. It has been determined that as both Defendants are citizens of Oklahoma, the instant action does not lie under said statute which requires the adverse claimants to be citizens of different states. However, the Plaintiff is a Kentucky corporation with its principal place of business in Kentucky and jurisdiction of this Court is proper under 28 U.S.C. § 1332 wherein diversity of citizenship exists between Plaintiff and both Defendants and the amount in controversy exceeds $10,000. 28 U.S.C. § 1653 provides that defective allegations of jurisdiction may· be amended in the trial court and by this Opinion of the Court it is considered that the Complaint is amended to correctly state the aforementioned facts which show that diversity jurisdiction exists. The interpleader procedure in this diversity case is governed by Rule 22, Federal Rules of Civil Procedure.

Both Defendants filed their Answers in the action asserting their respective claims. Thereafter Plaintiff filed its Motion as to Expenses which is supported by a Brief. After the case was set for Pretrial Conference, the Defendants advised the Court that they had reached a settlement agreement between themselves and that the only issue to be determined in the case was the reasonableness of the attorney fees requested by Plaintiff. Defendants filed a Request for Hearing on said issue and pursuant to their Request, the matter was set for hearing on January 6, 1976. Defendants at such hearing departed from their earlier position and stated they objected to attorney fees being awarded to Plaintiff in any amount in this action. Pursuant to this objection and their request, the Court granted Defendants leave to file a further Response with Brief to Plaintiff's Motion as to Expenses. However, as Plaintiff had a witness present in Court, the Court received his testimony as a matter of convenience. After Defendant's Response with Supporting Brief was filed, the Court conducted oral arguments on whether Plaintiff is entitled to recover attorney fees in this action. The Court also closed the evidence on what a reasonable attorney's fee should be in event the Court found the Plaintiff should recover such a fee herein.

Defendants' principal contention in opposing the requested fees is centered around the proposition that under the doctrine announced in *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) the Federal Courts as to the matter of legal fees in diversity cases must look to the substantive rights available under state law as the legal fees sought herein are such rights. They then assert that the Oklahoma Courts have applied the rule of law that attorney fees cannot be taxed as costs or allowed in an action in the absence of statutory authority for attorney fees or in the absence of an express agreement that same be allowed.[1] It is then urged that the Oklahoma statutory interpleader provisions found in 12 Oklahoma Statutes 1971 §§ 238–242 do not provide for an allowance for attorney fees. Defendants urge that federal courts in several instances have refused to allow attorney fees in interpleader actions where same were not allowed under state law.

Plaintiff urges that some Federal Courts have not applied the *Erie* doctrine in regard to the issue of whether attorney fees are allowable in a federal interpleader action, have based the issue on traditional equity practice and have awarded attorney fees from the fund involved when it is fair and equitable to do so.

In Wright & Miller, Federal Practice and Procedure Civil § 1719 the issue of costs and attorney fees in Federal interpleader cases is treated extensively. The textwriter states in regard to said issue:

---

1. See *Globe & Republic Ins. Co. v. Independent Trucking Co.,* 387 P.2d 644 (Okla.1963) and *Wilson v. Hecht,* 370 P.2d 28 (Okla.1962).

"Current practice is consistent with that formerly followed by the equity courts. A federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action, whether brought under Rule 22 or the interpleader statute, whenever it is fair and equitable to do so. The reason for this generosity toward the stakeholder was ably stated in the 1883 case of *Louisiana State Lottery Company v. Clark*: [16 F. 20 [(La.)]]

> In the case before us a mere stakeholder, without fault himself, in possession of a fund claimed entire by contending parties, (but, as the result shows, with equal rights and claims thereto) brings the same into court, thereby *promoting the litigation* and securing the due application of the property. From the nature of the contending claims and the circumstances of the case he incurs expense and counsel fees in bringing the fund into court. There is no equity in compelling him to bear these charges. On the contrary, the parties who have benefited thereby should bear them."

The textwriters in § 1719 discuss at length whether the *Erie* doctrine should be applied in determining if the stakeholder in a federal interpleader action should be allowed attorney fees. Part of their discussion on the subject is as follows:

> "Although the question of what law governs in a federal interpleader suit is discussed at length in another section, it is worth noting at this point that there is considerable confusion whether a federal court is bound by state law concerning the propriety of awarding the stakeholder attorney's fees out of the fund. In the majority of cases, the question of state law is never mentioned by the court, which simply refers to its discretion or the traditional equity practice; in a number of others the court concludes that the result would be the same under either law. On occasion, however, federal courts have concluded that state law governs the availability of attorney's fees under the doctrine of *Erie Railroad Company v. Tompkins*. These cases empha-

size the fact that the action is based on diversity of citizenship which is not entirely accurate since the existing decisions all seem to involve the federal interpleader statute. Quite properly, the weight of authority appears to be to the contrary and against the automatic application of state law."

Several recent decisions of the United States Supreme Court have gone into the question of the allowance of attorney fees. In *Aleyska Pipeline Serv. v. Wilderness Soc.*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) the Court considered the "American rule" that in the United States the prevailing litigant, in the absence of statute or contract permitting the recovery of attorney fees, is ordinarily not entitled to collect a reasonable attorney fee and the exceptions thereto. In considering the exceptions the Supreme Court stated:

> "In *Trustees v. Greenough*, 105 U.S. 527, 26 L.Ed. 1157 (1881), the 1853 Act was read as not interfering with the historic power of equity to permit the trustee of a fund or property, or a party preserving or recovering a fund for the benefit of others in addition to himself, to recover his costs, including his attorneys' fees, from the fund or property itself or directly from the other parties enjoying the benefit. That rule has been consistently followed."

The "American rule" was considered in the case of *F. D. Rich Co. v. Industrial Lumber Co.*, 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974) wherein it was determined that attorney fees could not be awarded in Federal Miller Act cases wherein it was found said Act created a Federal cause of action constituting plain and simple commercial litigation. In the *F. D. Rich* case, the Court stated:

> "The American Rule has not served, however, as an absolute bar to the shifting of attorneys' fees even in the absence of statute or contract."

In *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973) the Supreme Court stated:

"Although the traditional American rule ordinarily disfavors the allowance of attorney's fees in the absence of statutory or contractual authorization, federal courts, in the exercise of their equitable powers, may award attorneys' fees when the interests of justice so require. Indeed, the power to award such fees 'is part of the original authority of the chancellor to do equity in a particular situation,' *Sprague v. Ticonic National Bank,* 307 U.S. 161, 166, 59 S.Ct. 777, 780, 83 L.Ed. 1184 (1939), and federal courts do not hesitate to exercise this inherent equitable power whenever 'overriding considerations indicate the need for such a recovery.' *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 391–392, 90 S.Ct. 616, 625, 24 L.Ed.2d 593 (1970); see *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475 (1967)."

None of the foregoing Supreme Court cases involved an interpleader suit. However, the holdings make it clear that Federal Courts when sitting as a chancellor to do equity may in their discretion award attorney fees in the absence of statutory or contractual provisions for same. An interpleader suit is in equity. *Killian v. Ebbinghaus,* 110 U.S. 568, 4 S.Ct. 232, 28 L.Ed. 246 (1884); *Home Indemnity Company v. Moore,* 499 F.2d 1202 (Eighth Cir. 1974).

Several federal cases indicate that the awarding of attorney fees out of the deposited funds in a Federal interpleader suit lies within the sound discretion of the Court. See *James Talcott, Inc. v. Allahabad Bank, Ltd.,* 444 F.2d 451 (Fifth Cir. 1971); *Clark v. Paul Revere Life Insurance Co.,* 417 F.2d 683 (Eighth Cir. 1969); *Travelers Indemnity Company v. Israel,* 354 F.2d 488 (Second Cir. 1965); *Manufacturers Life Insurance Co. v. Johnson,* 385 F.Supp. 852 (E.D.Va. 1974); and *Prudential Insurance Company of America v. Burress,* 181 F.Supp. 391 (S.D.Cal.1969). Also see 48 A.L.R.2d 190, Anno: Interpleader-Attorney Fees. In *James Talcott, Inc., supra,* the Court stated:

"The law is clear that a district court has the authority to award within its discretion stakeholder costs, including a reasonable attorneys' fee in interpleader actions. Moore's Federal Practice ¶ 22.-16[2]."

In our Circuit in *United States v. Chapman,* 281 F.2d 862 (Tenth Cir. 1960), a statutory interpleader case (28 U.S.C. § 1335) arising in Oklahoma, the Court stated:

"The propriety of the allowance of costs, including a reasonable attorney's fee, to a plaintiff in an interpleader action is well recognized, but here this judicial prerogative collides with the supremacy of the federal tax lien."

And in *United States Fidelity and Guaranty Co. v. Sidwell,* 525 F.2d 472 (Tenth Cir. 1975), an Oklahoma case in which an interpleader was involved and funds were paid into the registry of the Court, our Circuit held:

"Likewise the attack by Liberty on the allowance to Newcombe for $608.00 as his attorney fee in filing the interpleader has no merit. Buckner and Moore were stakeholders for the $20,602.00 paid to it by the School District in final payment under the general contract. It was attempting to escape being brought into the controversy between its subcontractors and the bonding company and instead of holding the money itself, paid the same into court so that the court might itself decide who was entitled to the funds. It followed the common practice in this regard and ordinarily a fund so deposited is chargeable with the reasonable fees incurred. There is no attack on the reasonableness of Newcombe's charge and we find the claim that the fees are not chargeable to the funds to be frivolous. See Moore's Federal Practice, ¶ 22.16(2); *United States v. Chapman,* 281 F.2d 862, 870–871 (10th Cir. 1960)."

This latter case from our Circuit apparently was a diversity—Rule 22, Federal Rules of Civil Procedure, interpleader. The two cases above cited from our Circuit clearly indicate that the award of an attorneys' fee in federal interpleader suits, whether brought under the federal interpleader stat-

ute or Rule 22, Federal Rules of Civil Procedure is proper in the Federal Courts of Oklahoma. The other cases above cited from other Circuits holding that the award of an attorney fees in federal interpleader suits rests within the sound discretion of the Court when it is fair and equitable to allow the same also support the award of an attorneys' fee under the circumstances of this case. And it is likely that the same result would be appropriate under Oklahoma law (should the *Erie Railroad Co.* position of Defendants be correct) for though Oklahoma has not had occasion to recognize the exception to the American Rule that a court of equity may permit the trustee of a fund to recover his costs, including a reasonable attorneys fee, when it is fair and equitable to do so, it is believed that Oklahoma would apply such exception in an appropriate case such as an equitable suit in interpleader.

In the instant case, the Court determines in the exercise of its discretion, that the Plaintiff is entitled to a reasonable attorneys' fee out of the funds deposited in the Court in this suit. In this connection it is noted that Plaintiff lays no claim to the fund, there is no conflict between the Plaintiff and the Defendants as to the fund, the Plaintiff has preserved and paid the fund into Court and seeks no significant relief herein and Plaintiff has proceeded with this interpleader suit in good faith. The Court deems it is fair and equitable in the circumstances of this case to allow the stakeholder a reasonable attorney's fee.

In fixing said fees, the Court determines from the evidence of Plaintiff in the form of an Affidavit and statements by its attorney as to the services rendered and in the form of the expert testimony of a witness as to the value and reasonableness of such services in this case and from the Court's own experience and knowledge in this area, that a reasonable attorney's fee in the amount of $800.00 should be awarded in this case.

Plaintiff's Motion as to Expenses also requests its expenses in the amount of $37.82 and this request should be granted.

The Court determines that Plaintiff is entitled to recover its expenses herein from the deposited funds, but the amount of same shall be taxed by the Clerk of the Court upon timely and proper application for same under Rule 54(d), Federal Rules of Civil Procedure and Local Rule 6 of this Court.

Defendants are directed to prepare a Judgment in accordance with the provisions of this Memorandum Opinion and their agreement as to the disposition of the proceeds of the life insurance policy in question between themselves. Said Judgment to be presented to the Court for its signature and filing within five (5) days of this date.

