**CITIZENS AND SOUTHERN NATIONAL BANK, Plaintiff,**

v.

**William AUER et ux., et al., Defendants.**

**No. CIV-2–77–55.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 3, 1977.

W. Carr Hagan, Jr., Kingsport, Tenn., for plaintiff.

Wendal D. Jackson, Bristol, Tenn., O. Taylor Pickard, Jr., Kingsport, Tenn., and G. Richard Johnson, Johnson City, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an *in rem* civil action to enforce the final judgment of a Georgia state court by the attachment of certain real property located within this district and division and to set aside an alleged fraudulent conveyance thereof. 28 U.S.C. §§ 1332(a)(1), (c). The plaintiff submitted to the Court for its approval proposed warning orders, requiring certain absent defendants who allegedly cannot be served with process within this

state to appear or plead herein by a date certain. 28 U.S.C. § 1655. The plaintiff further requested that one such order, as it pertains to the defendants Mr. and Mrs. William A. Auer, be published on nonresidence grounds since personal service as to such defendants is "not practicable." *Idem.*

The Congress has provided that " * * * [i]n an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real * * * property within the district, where any defendant cannot be served within the [s]tate, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain." 28 U.S.C. § 1655. Where the absent defendant does not appear or plead within the time allowed, " * * * the court may proceed as if the absent defendant had been served with process within the [s]tate, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action. * * * " *Idem.*

■ The aforecited statute may be utilized only when relief is sought against the disputed property and the defendant cannot be personally served within the state or does not voluntarily appear. 4 Wright & Miller, Federal Practice & Procedure: Civil, 486, § 1118. The issuance, by the Court, of such a warning order, directing the absent defendant to appear or plead on a day certain is essential to proceeding to judgment under this statute. *Fleming v. Lake Delton Development Company,* C.A. 7th (1954), 241 F.2d 865, 866[2, 3], certiorari denied (1957), 355 U.S. 821, 78 S.Ct. 28, 2 L.Ed.2d 37; *Newton v. Inter-American, Inc.,* D.C.La. (1969), 48 F.R.D. 280, 284[8]; *Rank v. Krug,* D.C.Cal. (1950), 90 F.Supp. 773, 808[48]. Prior to issuing such an order, however, it is essential that the Court be satisfied that the defendant cannot be found and personally served within the state. 4 Wright & Miller, *supra* 487, § 1118.

■ 28 U.S.C. § 1655, by its terms, authorizes service of such a warning order either personally, or, in exceptional cases, by publication notice. However, " * * * [s]ervice

by publication will be permitted * * * only when personal service of the order is 'not practicable' * * *." *Ibid.* at 488. Of course, " * * * [a]n elementary and fundamental requirement of due process [of law] in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the action and afford them an opportunity to present their objection. * * * " *Mullane v. Central Hanover B. & T. Co.* (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (headnote 7). " * * * The notice must be of such nature as reasonably to convey the required information. * * * " *Indem.* " * * * The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. * * * " *Ibid.,* 339 U.S. at 315, 70 S.Ct. at 657, 94 L.Ed. at 874 (headnote 9).

■ " * * * [N]otice by publication is not enough with respect to a person whose name and address are * * * very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question. * * * " *Schroeder v. New York* (1962), 371 U.S. 208, 212–213, 83 S.Ct. 279, 282, 9 L.Ed.2d 255, 259 (headnote 4). " * * * Notice by publication is a poor and sometimes a hopeless substitute for actual service of notice. Its justification is difficult at best. * * * But when the names, interests and addresses of persons are unknown, plain necessity may cause a resort to publication. * * * " *New York v. New York, N. H. & H. R. Co.* (1953), 344 U.S. 293, 296, 73 S.Ct. 299, 301, 97 L.Ed. 333, 336 (headnote 3).

■ Under the provisions of 28 U.S.C. § 1655, the plaintiff must prove to the satisfaction of the Court the impracticability of personally serving the absent defendant with the requested warning order. *American Smelt. & Refin. Co. v. Naviera Andes Peruana, S. A.,* D.C.Cal. (1962), 208 F.Supp. 164, 172[15], affirmed *sub nom. San Rafael Compania Naviera, S. A. v. American Smelting & Ref. Co.,* C.A. 9th (1964), 327 F.2d 581; *A/S Krediit Pank v. Chase*

*Manhattan Bank*, D.C.N.Y. (1957), 155 F.Supp. 30, 37[7], affirmed C.A.2d (1962), 303 F.2d 648. The Court does not now feel that the plaintiff has met such burden by the mere allegation in the complaint that the defendants Mr. and Mrs. Auer " * * * are non-residents of the state of Tennessee, and their whereabouts are presently unknown. * * * "[1] There is no showing that any diligence has been exercised by the plaintiff in attempting to determine the present whereabouts of such defendants. Obviously, there is some last known address of Mr. and Mrs. Auer which could be pursued initially. Accordingly, the plaintiff's application for the Court to issue a warning order to be served on the defendants Mr. and Mrs. Auer by publication under the provisions of 28 U.S.C. § 1655 hereby is DENIED. Such ruling is without prejudice to the plaintiff's renewing its application therefor upon a showing that personal service of such an order is impracticable as to such defendants within the meaning of the aforementioned statute. (An order is issuing as to the defendant the Richland Trust Company.)

■ The plaintiff also made application for the attachment of the aforementioned subject real estate pursuant to the provisions of T.C.A. § 23–601(1).[2] Such application was accompanied by an affidavit as required by T.C.A. §§ 23–613, 617. Upon the plaintiff's execution of a bond with sufficient surety in compliance with the provisions of T.C.A. §§ 23–615, 616, the clerk will issue such an attachment to the United States marshal of this district.

---

1. The amended complaint averred that Mr. and Mrs. Auer " * * * are citizens and residents of the [s]tate of Ohio. * * * "

2. " * * * Any person having a debt or demand due at the commencement of an action * * * may sue out an attachment at law or in equity, against the property of a debtor or defendant * * * [w]here the debtor or defendant resides out of the state. * * * " T.C.A. § 23–601(1).

Such prejudgment attachment procedure is available in this Court. Rule 64, Federal Rules of Civil Procedure; see also *Granny Goose Foods v. Teamsters* (1974), 415 U.S. 423, 436, 94 S.Ct. 1113, 1122, 39 L.Ed.2d 435, 449[8], n.10.