UNITED BANK OF DENVER, NATIONAL ASSOCIATION, Plaintiff,

v.

OXFORD PROPERTIES, INC. and BCE Development Properties, Inc., Defendants.

Civ. A. No. 87–C–1169.

United States District Court, D. Colorado.

April 19, 1988.

Mary Brauer, Denver, Colo., Jeffrey P. Clark, Milwaukee, Wis., for plaintiff.

H. Thomas Coghill, Mark Apelman, Bruce D. Pringle, Marc D. Flink, Denver, Colo., for defendants.

## ORDER

CARRIGAN, District Judge.

Plaintiff United Bank of Denver, N.A. ("United Bank") commenced this action by filing a complaint for interpleader pursuant to Rule 22, Fed.R.Civ.P., and 28 U.S.C. §§ 1335, 1397 and 2361. Defendants are Oxford Properties, Inc. ("Oxford") and BCE Development Properties, Inc. ("BCE"). Jurisdiction is alleged to exist under 28 U.S.C. §§ 1332 and 1335. Currently pending is the plaintiff's motion for summary judgment.

These facts are undisputed: United Bank managed the assets of the Oxford Pension Plan for United Residents as trustee from July 1, 1984, to July 31, 1987. At the end of its trusteeship, excess assets in the approximate amount of $620,000 (the "Fund") remained with the plaintiff as of August 7, 1987. Plaintiff filed this interpleader action after discovering that both defendants claimed entitlement to the Fund. On August 10, 1987, the court granted the plaintiff's motion for an order directing deposit of the money into the court's registry. Defendant Oxford has asserted a counterclaim against the plaintiff for breach of contract.

In its motion for summary judgment, the plaintiff requests that I: (1) discharge the bank as stakeholder and dismiss it as a party in this action; (2) declare that the bank has no liability to either defendant in connection with the subject matter of this interpleader action; (3) dismiss defendant Oxford's counterclaim against the bank on the merits and with prejudice; and (4) award the plaintiff the reasonable attorney's fees and costs it necessarily incurred in connection with this interpleader action, to be paid out of the Fund.[1]

Defendants do not oppose the first three requests[2] but dispute the request for attorney's fees and costs. Both defendants insist that in the event the court determines that the plaintiff is entitled to recovery of those expenses that the plaintiff not be reimbursed out of the fund. Rather, each defendant asserts that the unsuccessful claimant be required to reimburse the plaintiff.

More specifically, each defendant contends that the other defendant had and has no legitimate claim to the Fund, and that but for that defendant's wrongful claim of entitlement to the Fund, the bank would never have had to file this interpleader action. Each defendant asserts that it would be inequitable to pay the plaintiff's attorney's fees and costs out of the Fund.

■ The prevailing principle in interpleader actions brought in the federal courts, whether under the interpleader statute or under Rule 22, "is that it is within the discretion of the court to award the stakeholder costs, including reasonable attorney's fees, out of the deposited fund." 3A *Moore's Federal Practice* para. 22.-16[2], at 22–169. Normally, although by no means as a matter of right, the court taxes such fees in favor of a stakeholder who: (1) is "disinterested" (*i.e.*, does not itself claim entitlement to any of the interpleader fund); (2) concedes its liability in full; (3) deposits the disputed fund in court; and (4) seeks discharge. *Id.* at 22–169, 22–171. It is undisputed that the plaintiff has fulfilled

---

1. Plaintiff specifically requests reimbursement for $15,182.50 in attorney's fees, and has supplied an affidavit and other evidence in support of its request.

2. Although the defendant Oxford in its response to the plaintiff's motion for summary judgment did not explicitly agree to dismissal of its counterclaim, it did declare that it "will not oppose

United Bank of Denver's motion for summary judgment to the extent that United Bank of Denver seeks a discharge as a stakeholder and an order dismissing United Bank of Denver as a party." (Oxford's response, at 1.) Obviously, dismissal of the counterclaim is a prerequisite to dismissal of the action as against the plaintiff.

all four of these requirements. *See United States Fidelity and Guaranty Co. v. Sidwell*, 525 F.2d 472 (10th Cir.1975) (where general contractor, in litigation between several contractors and bonding company, interpleaded in the pending suit and deposited the proceeds of the contract then remaining, it was proper to charge against the deposited funds the reasonable attorney's fees incurred by the prime contractor in filing the interpleader).

The reasoning behind awarding attorney's fees to a disinterested stakeholder out of the interpleader fund has been stated as follows:

"It is thought appropriate to award counsel fees to [a disinterested] stakeholder because the retention of counsel has in all liklihood been necessitated not because of the stakeholder's wrongdoing but rather because he is the mutual target in a dispute which is not of his own making. Moreover, the stakeholder is often viewed as having performed a service to the claimants by initiating a proceeding which will expeditiously resolve their claims and by safeguarding the disputed fund by deposit in court, which at the same time guarantees the prevailing claimant immediate satisfaction without the need for execution proceedings." *Moore's*, at 22–171, 22–173.

Courts traditionally have refused to award costs and counsel fees to a stakeholder who is in some way culpable as regards the subject matter of the interpleader proceeding, but not sufficiently culpable to warrant denial of interpleader altogether. *See, e.g., Companion Life Ins. Co. v. Schaffer*, 442 F.Supp. 826 (S.D.N.Y. 1977) (in an interpleader action the court deferred decision pending a more complete record on the stakeholder's request for attorney's fees and costs because of the court's suspicion that the stakeholder may have been negligently responsible for part of the litigation).

In the present action, there has been no allegation that the plaintiff was culpable in causing the controversy over the Fund. Moreover, the defendants have failed to cite any authority for their argument that a stakeholder must recover its attorney's fees from the unsuccessful claimant, and not the interpleader fund. Further, as observed by the plaintiff, awarding the plaintiff its attorney's fees out of the Fund does not prevent the successful defendant from trying to recover from the unsuccessful claimant the amount paid out of the Fund to the plaintiff.[3] I therefore conclude that the plaintiff is entitled to an award of its reasonable attorney's fees and costs to be paid out of the Fund.

Accordingly, IT IS ORDERED that:

(1) Plaintiff's motion for summary judgment is granted;

(2) This action is dismissed with respect to the plaintiff, but shall continue as between the defendants Oxford Properties, Inc. and BCE Development Properties, Inc.;

(3) Defendant Oxford Properties, Inc.'s counterclaim against the plaintiff is dismissed with prejudice;

(4) Plaintiff has no liability to either defendant in connection with the subject matter of this action; and

(5) Within five days the parties shall meet and in good faith attempt to stipulate the amount of attorney's fees and costs reasonably incurred by the plaintiff in connection with this interpleader action. If the parties fail to agree and stipulate on the amount of reasonable attorneys' fees and costs, or any aspect, they shall stipulate to as many facts as they can and the plaintiff shall apply for an expedited hearing as to any issues remaining. Additional attorneys fees and costs of that hearing will be as-

3. Plaintiff states:
"There are several mechanisms by which the successful claimant could ultimately collect the attorney's fees paid to the Bank. For example, the successful claimant could rely upon this Court's broad equitable power, it could bring a claim for bad faith under Rule 11 or it could assert any a number of interference with contract claims." (Plaintiff's mem. in support of its proposed order for dismissal, at 2.)

sessed against any attorney or party whose failure to agree is found by the court to have been unreasonable. Such reasonable attorney's fees and costs shall be paid by the Clerk of the Court from the interpleader funds on deposit in this action.