70 F.3d 123
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 TRANSAMERICA PREMIER INSURANCE COMPANY, Plaintiff-Appellee,
v.
John GROWNEY and Kevin Lutz, Defendants-Appellants,
and
Dan BOOS; St. Joseph Health Center; State Farm Mutual
Automobile Insurance Company; University of
Kansas Medical Center, Defendants.
 No. 94-3396.
 United States Court of Appeals, Tenth Circuit.
 Nov. 13, 1995.
 
 Before TACHA and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 ORDER AND JUDGMENT[1]
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendants John Growney and Kevin Lutz appeal from two orders entered by the district court in this statutory interpleader action. See 28 U.S.C. 1335. Plaintiff Transamerica Premier Insurance Company commenced this case to resolve the cumulative claims of Growney and Lutz and a third defendant, Dan Boos, to the proceeds of a liability policy issued to an insured whose reckless driving caused injury to all three defendants. Conceding coverage and seeking a determination of the proper distribution of the $50,000 policy limit (far exceeded by defendants' damages), Transamerica deposited the sum with the court and made no subsequent claim thereto, other than a request for reimbursement of fees and costs. By order entered August 2, 1994, the district court announced its disposition of the fund, discharged Transamerica from further liability, and awarded $1,686.28 to Transamerica for fees and costs incurred. Defendants moved for reconsideration of the latter award and for modification of the order's language relating to Transamerica's discharge. The district court denied the motion, and this appeal followed. We affirm and grant Transamerica's request for fees on appeal as well.
 
 
 3
 The award of fees and costs to an interpleader plaintiff, or "stakeholder," is an equitable matter that lies within the discretion of the trial court. Chase Manhattan Bank v. Mandalay Shores Coop. Hous. Ass'n (In re Mandalay Shores Coop. Hous. Ass'n), 21 F.3d 380, 382-83 (11th Cir.1994); Abex Corp. v. Ski's Enters., 748 F.2d 513, 516 (9th Cir.1984); United Bank of Denver, Nat'l Ass'n v. Oxford Properties, Inc., 683 F.Supp. 755, 756 (D.Colo.1988). Accordingly, we review such an award under the abuse of discretion standard generally applicable to fee awards. Chase Manhattan Bank, 21 F.3d at 383; see Supre v. Ricketts, 792 F.2d 958, 961 (10th Cir.1986).
 
 
 4
 This court has recognized the "common practice" of reimbursing an interpleader plaintiff's litigation costs out of the fund on deposit with the court. United States Fidelity & Guar. Co. v. Sidwell, 525 F.2d 472, 475 (10th Cir.1975). The rationale for the award is that the plaintiff has, at its own expense, facilitated the efficient resolution of a dispute in which it has no interest (other than avoiding liability for an erroneous distribution of the stake), to the benefit of the competing claimants--the true disputants--who should be able to cover the typically minor expense involved out of the fund distributed to them. See Chase Manhattan Bank, 21 F.3d at 383; Lincoln Income Life Ins. Co. v. Harrison, 71 F.R.D. 27, 30 (W.D.Okla.1976). Accordingly, fees are normally awarded to an interpleader plaintiff who "(1) is 'disinterested' (i.e., does not itself claim entitlement to any of the interpleader fund); (2) concedes its liability in full; (3) deposits the disputed fund in court; and (4) seeks discharge," and "who is [not] in some way culpable as regards the subject matter of the interpleader proceeding." United Bank of Denver, 683 F.Supp. at 756, 757; see Lincoln Income Life Ins. Co., 71 F.R.D. at 32; see also Liberty Nat'l Bank & Trust Co. v. Acme Tool Div. of Rucker Co., 540 F.2d 1375, 1382 (10th Cir.1976)("the award of an attorney's fee in an interpleader action has in mind the performance of services in connection with the preservation of the funds").
 
 
 5
 Defendants Growney and Lutz argue that Transamerica's delay in offering the policy limit and/or filing this action was unjustified and, thus, negates its requisite status as an innocent stakeholder. The district court rejected this contention, accepting instead Transamerica's explanation that it had postponed resolution of their blanket demands for policy limits while investigating the independent claim of defendant Boos. Growney and Lutz seek to undermine this explanation by dismissing the seriousness of Boos' injuries, but we note that Boos was ultimately awarded an unchallenged portion (six percent) of the interpleaded fund.[2] Further, we reject the suggestion that an award of fees is improper because Transamerica filed this action out of self-interest, i.e., to avoid further exposure to defendants' various claims on or derived from the policy. Such an ancillary motive, having nothing to do with the pursuit of any interest in the interpleaded fund, does not preclude the discretionary award of fees if otherwise appropriate. See United Bank of Denver, 683 F.Supp. at 756 (equating requisite "disinterested[ness]" with fact that stakeholder "does not itself claim entitlement to any of the interpleader fund"); see also Sidwell, 525 F.2d at 475 (holding fee award appropriate where plaintiff motivated to file interpleader action by wish to avoid entanglement in litigation with claimants).
 
 
 6
 Further discussion of the contentions urged by defendants in this regard is not warranted.[3] Nothing defendants have said even suggests to us that the district court might have abused its discretion in awarding fees and costs to Transamerica. As the amount has not been challenged, we affirm the award.
 
 
 7
 Defendants also object to certain statements made by the district court in its order disposing of the interpleaded fund, specifically that "the stakeholder ... does not appear to the court to be culpable," App. at A121, and that "plaintiff shall be discharged from further liability in connection with the claims for personal injury of the defendants ... arising from the operation by [the insured] of a motor vehicle on September 6, 1993," id. at A122. As to the first statement, defendants are concerned about its potential preclusive effect on insurance bad faith litigation pursued against Transamerica. While the district court did not qualify its culpability finding, the only issue before the court was whether Transamerica's conduct with respect to the limited subject matter of this action weighed against an equitable fee award; whether Transamerica's overall treatment of defendants satisfied standards developed for the tort of insurance bad faith is a matter well beyond the scope of this case. Whatever significance, if any, the limited culpability finding made here might have on the latter should be resolved by the tribunal hearing the tort claim.
 
 
 8
 Similarly, the quoted discharge language, if overbroad, is also innocuous. Since interpleader jurisdiction is generally limited to the "fund in controversy," United States v. Major Oil Corp., 583 F.2d 1152, 1155 (10th Cir.1978); see Equitable Life Assurance Soc'y v. Jones, 679 F.2d 356, 358 n. 2 (4th Cir.1982)(resolution of interpleader action consists in determining "entitle[ment] to the stake"), in this case the policy limit deposited with the district court, the discharge passage quoted above cannot be read as affecting any causes of action, such as tortious bad faith, defendants may assert against Transamerica over and above the policy claims resolved here. Indeed, the district court explained the limited scope of Transamerica's discharge in the same order in which it denied defendants' motion for clarification:
 
 
 9
 The defendants contend that the court should have made a finding that the distribution of the interpleaded fund should not affect the rights of the defendants to pursue other claims against the plaintiff. Such language was not a requisite to the order entered by the court. In order to direct the disbursement of the interpleaded fund it was not necessary for the court to reach the issue of whether any of the parties to this action have or do not have further claims against any of the other parties. Consequently, the court did not deal with such an issue.
 
 
 10
 App. at A192. We see no reason to disturb the judgment entered and explained by the district court.
 
 
 11
 Finally, Transamerica seeks an award of fees on appeal.[4] This request raises an important question about the reach of the interpleader fee rule that has not been acknowledged and engaged by the courts. Unfortunately, the pertinent arguments advanced by the parties are correspondingly underdeveloped as well. The basic problem derives from an inconsistency between the general formulation of the rule itself, which does not suggest any limitation on its application beyond the trial (i.e., district or bankruptcy court) level, and the carefully articulated rationale guiding its use, which has strong restrictive implications in this regard.
 
 
 12
 Those implications can be seen clearly and concretely here. Transamerica's request for fees on appeal--i.e., for reimbursement of expenses incurred in defending its own recovery of monies from the interpleaded fund (and, thus, from defendants)--does not involve the same equitable considerations of disinterestedness and nonadversariality that underlie use of the interpleader fee rule in the trial court. See supra p. 2-4. Indeed, even where a stakeholder's conduct in the district court is concerned, a distinction is drawn between reimbursable expenses incurred by the stakeholder in furtherance of the interpleader itself, e.g., for filing, service of process, and securance of a discharge order, and unreimbursable expenses incurred by the stakeholder in pursuit of its own interests.[5] C. Wright, A. Miller & M. Kane, Federal Practice and Procedure 1719 at 640 & n. 18 (1986). On this appeal, Transamerica has endeavored, as any appellee does, to retain for itself the benefit of a favorable judgment--here, the fees awarded to it by the district court. Unlike its conduct in commencing this action and depositing the policy limits with the district court, none of Transamerica's efforts on appeal can be characterized as "the performance of services in connection with the preservation of the [interpleaded] funds." Liberty Nat'l Bank & Trust Co., 540 F.2d at 1382.
 
 
 13
 As noted, the parties do not contribute much to our inquiry. Transamerica's argument in support of its appellate interpleader fee request consists of a citation to Corrigan Dispatch Co. v. Casa Guzman, S.A., 696 F.2d 359 (5th Cir.1983), which affirmed a district court's fee award to a stakeholder and went on to award appellate fees as well. However, Corrigan does not explicitly state it is relying on the interpleader fee rule as the legal basis for the appellate award, much less attempt to justify importation of that equitable principle from a district court setting characterized by disinterested accommodation into the self-interested and adversarial context of appellate defense. See id. at 365 n. 10.
 
 
 14
 For their part, defendants contend that "attorney's fees are only appropriate if the appeal is frivolous or in bad faith," citing A/S Krediit Pank v. Chase Manhattan Bank, 303 F.2d 648 (2d Cir.1962). Joint Reply Brief of Appellants at 8. Actually, the cited case, while describing the appeal therein as "frivolous" and an appropriate candidate for a damages sanction, A/S Krediit Pank, 303 F.2d at 649, nevertheless goes on to grant the stakeholder-appellee "an additional $1,000 for its attorney's fees on appeal" expressly because "this is an [interpleader] action in which attorney's fees may be awarded in any event," id. The case does not, however, provide any analysis addressing the pertinent concerns we have sketched above.
 
 
 15
 Although there may be a few cases, such as A/S Krediit Pank and perhaps Corrigan, which mechanically employ the interpleader fee rule on appeal, we have found none that recognize and resolve the inherent inconsistencies between the rule's rationale and the distinctive nature of appellate (as opposed to trial) litigation in the interpleader context. Thus, a substantial argument--from an analytical, if not precedential, standpoint--can be made for holding the interpleader fee rule inapplicable on appeal. It should be emphasized that if such a position were adopted, stakeholders would not be left without recourse for obtaining appellate fees. Their fee requests would be assessed under existing standards generally applicable whenever any appellee successfully opposes an aggrieved adversary, i.e., whether the latter's appeal properly may be characterized as frivolous or dilatory, Olson v. Coleman, 997 F.2d 726, 728 (10th Cir.1993).
 
 
 16
 We consider this an important and unaccountably overlooked issue, and therefore do not wish, through omission or silence of our own, to suggest otherwise. However, given the circumstances of this particular case, we need not resolve the matter here. For the reasons expressed in the first part of this opinion, we hold defendants' appeal to be utterly without merit, entitling Transamerica to reimbursement of its fees under either of the standards we might employ. We therefore grant Transamerica's request and remand the matter for a factual determination of the proper amount. See, e.g., Inselman v. S & J Operating Co., 44 F.3d 894, 896 (10th Cir.1995).
 
 
 17
 The judgment of the United States District Court for the District of Kansas is AFFIRMED, appellee's request for fees on appeal is GRANTED, and the matter is REMANDED for a determination of the proper amount.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We also deem it appropriate to note the misleading inaccuracy of the following appellate representation by counsel: "In fact, Lutz and Growney demanded on November 30, 1993 [two months before this action was commenced], that Transamerica pay its proceeds into court and advised that the injured parties would then apportion the proceeds between themselves." Joint Brief of Appellants at 13 (emphasis added). Such a demand would strongly suggest that this interpleader proceeding was indeed unnecessary and/or dilatory. However, the cited correspondence to Transamerica, albeit from joint counsel for Lutz and Growney, refers throughout only to Growney's claim, belying the asserted joint demand. See Joint Appendix of Appellants (App.) at A27. More importantly, there is no discussion whatsoever of giving the proceeds to a neutral third party, much less a court, to hold; the letter simply repeats counsel's unqualified insistence that Transamerica "submit policy limits as soon as possible." Id. Finally, since counsel for Boos was not included on the letter, it gave Transamerica no reason to believe compliance with its unilateral demand would satisfy Transamerica's obligations to all claimants on the policy, the very reason given for its investigatory delay
 
 
 [3]
 Defendants have not raised, and we do not consider, the broader issue whether an insurance carrier--for whom the distribution of policy proceeds effected by interpleader is a foreseeable cost of doing business presumably recovered in advance through premiums--is, for that reason, sufficiently unlike the typical innocent stakeholder--whose unplanned and unbidden litigation expense is the fundamental inequity prompting the discretionary fee rule--that its invocation of the rule is categorically precluded. See Chase Manhattan Bank, 21 F.3d at 383 (recognizing cost-of-business exception to interpleader fee rule, noting it is "typically applied to insurance companies," and citing illustrative cases). But see Melton v. White, 848 F.Supp. 1513, 1515 (W.D.Okla.1994)("find[ing] no expression of such a policy [as that reflected in the cost-of-business exception] in the relevant controlling case law of this circuit and ... unwilling to create one"); 7 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure 1719 at 636-37 (1986)(criticizing premises of cost-of-business exception)
 
 
 [4]
 Transamerica initially requested fees in its answer brief on appeal, to which defendants responded in their reply. Several months later, for reasons not entirely clear, Transamerica filed a separate motion for the same relief, basically reiterating its previous argument. Defendants submitted an equally duplicative response, as well as a motion to strike the second fee motion. Nothing in the parties' essentially redundant fee pleadings affects our analysis of the issues already raised by the parties' briefs. Under the circumstances, defendants' motion to strike is denied as moot
 
 
 [5]
 Especially telling here are decisions employing this distinction to deny fees incurred by the stakeholder in the pursuit of the fee award itself. See, e.g., AEG Westinghouse Transp. Sys., Inc. v. OEM Indus. Corp. (In re OEM Indus. Corp.), 135 B.R. 247, 250 (Bankr.W.D.Pa.1991)(also noting "serious risk of depletion of the interpleader fund" should fee award encompass litigation in pursuit thereof); Dynaforce Corp. v. Temp-Way Corp. (In re Temp-Way Corp.), 80 B.R. 699, 706 (Bankr.E.D.Pa.1987)