**LUTHERAN BROTHERHOOD,**
**Plaintiff,**

v.

**Arlene M. COMYNE and William M. Thom, Sr., Defendants.**

**No. 01–C–1067.**

United States District Court,
E.D. Wisconsin.

Feb. 27, 2002.

**860**

Bartholomew F. Reuter, Milwaukee, WI, for Plaintiffs.

Larry B. Brueggeman, Milwaukee, WI, and Joseph E. Schubert, Milwaukee, WI, for Defendants.

## ORDER ON PLAINTIFF'S MOTION TO DEPOSIT PROCEEDS, AWARD ATTORNEY'S FEES, AND DISMISS INTERPLEADER PLAINTIFF LUTHERAN BROTHERHOOD

CALLAHAN, United States Magistrate Judge.

### I. BACKGROUND

This action was commenced on October 17, 2001, when the interpleader plaintiff, Lutheran Brotherhood, filed an interpleader complaint pursuant to 28 U.S.C. § 1335. Lutheran Brotherhood alleges that it is a fraternal benefit society organized and existing under the laws of Minnesota, and no other state, with its principal place of business in Minneapolis, Minnesota. The plaintiff also alleges that Helen Thom ("Helen"), who owned two Lutheran Brotherhood annuities with total death benefits worth a little over $200,000.00, died on July 24, 2001. At the time of Helen's death, Lutheran Brotherhood had on file irrevocable beneficiary designation forms for both annuities, which forms had been executed by Helen on January 3, 1997, and which forms both named defendant Arlene M. Comyne ("Arlene") as beneficiary. Lutheran Brotherhood also had on file a form which it had received on October 28, 1998, and which was signed by Helen requesting that the beneficiary designation on both annuities be changed to William M. Thom, Sr. ("William"). Now that Helen has died, both Arlene and William have laid claim to the proceeds of the annuities.

Rather than run the risk of paying the proceeds to the wrong person, and thereby potentially incurring multiple liability, Lutheran Brotherhood filed the interpleader complaint. It seeks a judgment: requiring that each of the defendants (Arlene and William) interplead their respective claims

to the annuity proceeds; that Lutheran Brotherhood be discharged from all liability thereon upon submitting those proceeds to the Clerk of Court; that Arlene and William each be restrained from instituting any other action against Lutheran Brotherhood for recovery on the annuities; and that it recover from the deposited policy proceeds its statutory costs, disbursements, and actual attorney's fees.

Both Arlene and William were served and have entered appearances in this action. Both have filed answers to the complaint and cross-claims against each other for the proceeds of the annuities. They have each also filed counterclaims against Lutheran Brotherhood. In her counterclaim Arlene asserts claims for: breach of "the contracts of which [she] was a third party beneficiary"; "Unjustifiabl[e] depriv[ation] ... of the proceeds of the annuities"; and legal entitlement to the proceeds pursuant to Wis. Stat. § 632.48. In his counterclaim William asserts claims for misrepresentation and for breaches of contract and fiduciary duty as a result of the plaintiff's withholding payment of the proceeds to him.

## II. PLAINTIFF'S MOTION

Accompanying Lutheran Brotherhood's interpleader complaint was a "Motion to Deposit Proceeds, Award Attorney Fees, and Dismiss Interpleader Plaintiff Lutheran Brotherhood." In that motion Lutheran Brotherhood, pursuant to Fed.R.Civ.P. 67 [1], seeks an order permitting it to deposit the proceeds of the two annuities with the Court, together with any additional interest accruing to the subject annuities from October 17, 2001, until the proceed check is issued for deposit with the Court. It also seeks an order permitting it to subtract its actual attorneys fees and disbursements from the annuity proceeds prior to their deposit with the Clerk because "Lutheran Brotherhood was required to bring this action as a result of the competing claimants' inability to settle their dispute among themselves." Finally, "[u]pon payment of the ... annuity proceeds into Court (less its attorneys fees and disbursements), Lutheran Brotherhood requests that this Court enter an order dismissing Lutheran Brotherhood with prejudice as a party to this case, and without further liability under the ... annuities."

Neither Arlene nor William filed a response to the plaintiff's motion within the time prescribed by the local rules. Civil L.R. 7.1(b). The only response submitted to date by either party is contained in a letter that the court received on February 26, 2002. In that letter, counsel for Arlene indicates that, after discussions with plaintiff's counsel, he has no objection to this court's dismissing Lutheran Brotherhood from the case and awarding the plaintiff $5000 in attorney's fees to be paid from the annuity proceeds.

## A. DEPOSIT OF THE PROCEEDS

Interpleader is an equitable remedy that predates by centuries the adoption of our

---

**1.** Fed R. Civ. P. 67 provides that "[i]n an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or part of such sum or thing, whether or not that party claims all or any part of the sum or thing". The party making the deposit shall serve the order permitting deposit on the clerk of the court. Money paid into court under this rule shall be deposited and withdrawn in accordance with provisions of Title 28, U.S.C., §§ 2041, and 2042; the Act of June 26, 1934, c. 756, § 23, as amended (48 Stat. 1236, 58 Stat. 845), U.S.C., Title 31, § 725v; or any like statute. The fund shall be deposited in an interest-bearing account or invested in an interest-bearing instrument approved by the court.

Constitution. In the sixteenth and seventeenth centuries, "a familiar basis for the exercise of the extraordinary powers of courts of equity was the avoidance of the risk of loss ensuing from the demands in separate suits of rival claimants to the same debt or legal duty." *Texas v. Florida*, 306 U.S. 398, 405, 59 S.Ct. 563, 83 L.Ed. 817 (1939)(citing *Alnete v. Bettam*, Cary 65 (1560); *Hackett v. Webb and Willey*, Finch 257 (1676)). Interpleader has long existed for the purpose of enabling "a neutral stakeholder, usually an insurance company or a bank, to shield itself from liability for paying over the stake to the wrong party. This is done by forcing all the claimants to litigate their claims in a single action brought by the stakeholder." *Indianapolis Colts v. Mayor and City Council of Baltimore*, 733 F.2d 484, 486 (7th Cir.1984)(citing 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1701 (1972)).

The historical equitable remedy of interpleader has now been codified in both statutory and rule form. *See* 28 U.S.C. § 1335; Fed.R.Civ.P. 22. Under the federal interpleader statute, pursuant to which this action was brought, depositing the proceeds with the court is a jurisdictional prerequisite. 28 U.S.C. § 1335(a)(2); *see also American Family Mutual Insurance Co. v. Roche*, 830 F.Supp. 1241, 1244–45 (E.D.Wis.1993)(citing *Mt. Hawley Ins. Co. v. Federal Sav. & Loan Ins. Corp.*, 695 F.Supp. 469, 472 (C.D.Cal.1987)).[2] Jurisdiction over a statutory interpleader action also requires that the proceeds have a value of $500 or more and that two or more adverse claimants of diverse citizenship claim entitlement to the proceeds. 28 U.S.C. § 1335(a). Neither defendant has contested the value, adversity, or diversity ele-

ments in the present action, and the court finds that those elements are satisfied. The court orders that, for the purpose of perfecting its jurisdiction over this action, Lutheran Brotherhood shall deposit with the court the proceeds of the two referenced annuities (Annuity Nos. B2786407 and C2838614), together with any additional interest accruing pursuant to the subject annuity contracts from October 17, 2001, until the proceed check is issued for deposit with the court.

## B. DISMISSAL OF LUTHERAN BROTHERHOOD

■ The plaintiff also "requests that this Court enter an order dismissing Lutheran Brotherhood with prejudice as a party to this case, and without any further liability under the above referenced annuities." (Plaintiff's Motion at 2.) The court will dismiss the plaintiff from the present action without further costs or liability to any part and with prejudice.

The court recognizes that dismissing the plaintiff from this action will have the effect of also dismissing the counterclaims that the defendants have asserted. Such a result is justified. Again, neither defendant has objected to dismissal of the plaintiff. Indeed, in his letter to this court, counsel for Arlene specifically indicates that he has no objection to the plaintiff's being dismissed. Further, with the possible exception of William's misrepresentation claim, the counterclaims of each defendant essentially object to the plaintiff's not having automatically paid the annuity proceeds to him or to her. Put differently, those counterclaims are essentially based on the plaintiff's having opted to proceed via an interpleader complaint rather than having chosen from among competing adverse claimants. Courts have consistently

---

2. An interpleader plaintiff may, in lieu of depositing the funds with the court, give a bond payable to the clerk of court in an amount the court deems proper. 28 U.S.C. § 1335(a)(2).

rejected such counterclaims where, as here, the plaintiff was entitled to pursue interpleader relief. *See, e.g., Manitowoc Engineering Co. Salaried Employees' Deferred Profit–Sharing Plan v. Powalisz,* No. 85–C–534, 1986 WL 2605 at *7 (E.D.Wis.1986); *United States Trust Company of New York, et al. v. Alpert, et al.,* 10 F.Supp.2d 290, 307 (S.D.N.Y.1998).

The plaintiff has properly sought interpleader relief and its continued involvement in this case would have no impact on the core dispute between the two defendants regarding who is entitled to the annuity proceeds. *Cf. Manitowoc Engineering Co.,* 1986 WL 2605 at *7. The court will therefore order that Lutheran Brotherhood be dismissed from this action.

### C. ATTORNEY'S FEES

■ Finally, the plaintiff requests that "it be permitted to subtract its actual attorney's fees and disbursements from the annuity proceeds prior to their deposit with the Clerk .... " (Plaintiff's Motion at 2.) Courts have broad discretion in determining whether to award attorneys fees out of the deposited proceeds. *United Bank of Denver v. Oxford Properties, Inc.,* 683 F.Supp. 755, 756 (D.Colo.1988). As a general matter, a court will award fees from the proceeds where "(1) the party seeking fees is a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Septembertide Publ'g v. Stein & Day, Inc.,* 884 F.2d 675, 683 (2d Cir.1989). Courts have, however, refused to deduct fees from the proceeds when the stakeholder was in some way culpable with respect to the subject matter of the interpleader proceeding. *See, e.g., United Bank of Denver,* 683 F.Supp. at 756. In addition to culpable conduct, some courts have also refused to allow fee deduction where the costs of initiating the interpleader action are properly considered part of the stakeholder's cost of doing business. *See Chase Manhattan Bank v. Mandalay Shores Coop. Hous. Ass'n (In re Mandalay Shores Coop. Hous. Assn'n),* 21 F.3d 380, 383 (11th Cir.1994); *Aetna U.S. Healthcare v. Higgs,* 962 F.Supp. 1412, 1414 (D.Kan. 1997). This course-of-business exception does not, however, enjoy universal support from the courts. 4 Moore, et al., Moore's Federal Practice § 22.06, at 22–104 (3d ed.2001).

Several considerations justify awarding the plaintiff attorney's fees from the interpleader fund:

It is thought appropriate to award counsel fees to [a disinterested] stakeholder because the retention of counsel has in all likelihood been necessitated not because of the stakeholder's wrongdoing but rather because he is the mutual target in a dispute which is not of his own making. Moreover, the stakeholder is often viewed as having performed a service to the claimants by initiating a proceeding which will expeditiously resolve their claims and by safeguarding the disputed fund by deposit in court, which at the same time guarantees the prevailing claimant immediate satisfaction without the need for execution proceedings. Moore's, at 22–171, 22–173.

*United Bank of Denver,* 683 F.Supp. at 757 (alteration in the original).

■ In the present case, not only has neither party objected to the deduction of attorney's fees, but the relevant factors weigh in favor of allowing the fees to be withheld from the annuity proceeds. Lutheran Brotherhood is a disinterested stakeholder, in that it is not claiming entitlement to any portion of the annuity proceeds (other than, of course, an amount commensurate with the services rendered by its counsel). Lutheran Brotherhood concedes its liability for the entire amount of the subject annuities, will be depositing

the annuity proceeds with this court, and has sought a discharge from all liability with respect to these annuities. When presented with the plaintiff's motion, neither party responded with an argument that Lutheran Brotherhood was in some way culpable in necessitating this interpleader action. Nor did either party offer in response an argument that a dispute such as the instant one is properly considered a cost of Lutheran Brotherhood's doing business. Indeed, the only thing received by this court in the way of a response was the letter from counsel for Arlene in which he indicated that he had no objection to paying plaintiff's attorney's fees from the proceeds of the annuities. In short, the court is satisfied that Lutheran Brotherhood is entitled to subtract its attorney's fees from the annuity proceeds prior to depositing such proceeds with the clerk of court.

The question next becomes what amount to withhold from the annuity proceeds. Courts have broad discretion not only with respect to whether to allow attorney's fees to be deducted, but also with respect to the amount of attorney's fees to which an interpleader plaintiff is entitled. *Trustees of Directors Guild of America Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir.2000). In this case Arlene's counsel has indicated, in his February 26, 2002, letter to this court, that he and counsel for Lutheran Brotherhood have agreed that $5000 is an appropriate amount. These two parties being in agreement, and no objection having been raised, the court finds that $5000 represents an appropriate award of attorney's fees. The court therefore orders that Lutheran Brotherhood be allowed to deduct $5000 from the annuity proceeds prior to their deposit with the clerk.

## III. CONCLUSION

**NOW THEREFORE IT IS ORDERED** that Lutheran Brotherhood's motion to deposit proceeds, award attorney fees, and dismiss interpleader plaintiff be and hereby is granted;

**IT IS FURTHER ORDERED** that Lutheran Brotherhood shall deposit the following annuity proceeds with the court, together with any additional interest accruing to the subject annuity contracts from October 17, 2001, until the proceed check is issued for deposit with the court:

| Annuity No. | Basic Benefit | Interest | Total |
|---|---|---|---|
| B2786407 | $ 71,729.20 | $1005.15 | $ 72,734.35 |
| C2838614 | $128,918.46 | $ 635.76 | $129,554.22 |

**IT IS FURTHER ORDERED** that Lutheran Brotherhood shall be permitted to subtract attorney's fees in the amount of $5000 from the annuity proceeds prior to their deposit with the court;

**IT IS FURTHER ORDERED** that, upon depositing with the court the annuity proceeds remaining after deducting the $5000 in attorney's fees, Lutheran Brotherhood shall be dismissed from this action without further costs or liability to any party and with prejudice.